21927

Lee S. HARRIS, Respondent, v. William L. HARRIS, Appellant.
(303 S. E. (2d) 97)

*Randall M. Chastain,* Columbia, and *Mary J. Wies-Kosinski,* Aiken, *for appellant.*

*C. LaVaun Fox,* Aiken, *for respondent.*

May 12, 1983.

LEWIS, Chief Justice:

This appeal is from denial of a motion to vacate a default divorce decree entered against appellant husband. We reverse and remand.

At the outset we reject appellant's jurisdictional argument. On July 28, 1979, he was served with a summons and petition which sought separate support and maintenance and an order directing the sale of the marital residence with a division of the proceeds. A temporary restraining order accompanied the pleading and prohibited interference by appellant with respondent. On appeal the husband contends that the Family Court lacked jurisdiction over him by reason of: (1) an alleged defect in the original summons; and (2) lack of any summons accompanying respondent's subsequent amended petition.

The summons of July 28, 1979, was countersigned by a Deputy Clerk of Court rather than by the Clerk of Court or Family Court Judge. Rule 6 of the Family Court Rules directs that "every summons shall be countersigned by the clerk or the judge." Appellant argues that the

summons was thus fatally defective. In so doing he overlooks the language of Section 14-17-60, Code of Laws of South Carolina, 1976, which plainly states that the qualified "deputy may do and perform any and all of the duties appertaining to the office of his principal." There is no suggestion that the deputy clerk in this instance was not duly appointed and qualified. We find the validity of her act in countersigning the summons to be conclusively established by Section 14-17-60, Code, and the appellant's argument to be wholly without merit.

The summons of July 28, 1979, accomplished its recognized function in commencing this action, causing the Family Court to acquire jurisdiction over the person of the appellant and giving him notice of the action and opportunity to appear and defend. Section 15-9-10, Code. *Raines v. Poston,* 208 S. C. 349, 38 S. E. (2d) 145. Moreover the original petition amply apprised the appellant of the relief being sought. He chose neither to answer nor otherwise appear in response to the action.

On December 6, 1979, appellant was served with an "Amended Petition" apparently seeking a divorce on the ground of one year's separation. The actual prayer was not amended to demand a divorce. Instead, a paragraph was added to the body of the petition stating that since the parties had separated on September 7, 1978, the respondent was "entitled to a divorce . . . on the ground of separation for a continuous period of more than one (1) year." Appellant argues that this revised pleading constituted a conversion of the action from one for separate support and maintenance to one for divorce. Relying upon Section 15-13-920, S. C. Code, he contends that such a revision was impermissible as an amendment. He asserts that it should have taken the form of a supplemental pleading under Section 15-13-100, S. C. Code, and that he was entitled to a separate summons for purposes of the new petition.

Appellant's initial premise was considered and rejected by this Court in *Kirven v. Lawrence,* 244 S. C. 572, 137 S. E. (2d) 764. There it was held that the language in Section 15-13-920(d), Code, prohibiting amendments which "change substantially the claim or defense," applies only to amendments proposed while the court is hearing the evidence, or

after it has heard it. *Prior to trial*, we have authorized a liberal attitude toward amendments in order to "allow any party to shape his own pleadings to suit himself," and thus a trial court may "permit him at any time before trial to amend his pleadings so as to present his own views on the question to be litigated, upon such terms as may be deemed equitable ... even though their effect be to change entirely the whole cause of action, or the grounds of defense." *Vernon v. Atlantic Coast Line R. Co.*, 218 S. C. 402, 63 S. E. (2d) 53.

Respondent's original petition for support and maintenance recited the fact that the parties had separated on September 7, 1978. We cannot therefore agree with the appellant who characterizes the subsequent amendment as a pleading which alleges "facts material to the case occurring after the former complaint" under Section 15-13-100, Code. We think it more correct to view the revised pleading as an amendment before trial in which the respondent has simply recast the issue to be decided.

No additional summons was required in this case to preserve the jurisdiction originally obtained by the service of process on July 28th. In any event, effective service of the December 6th pleading is not denied by appellant. He cannot contend that notice of the action and of the issues was lacking. Nor should he be heard to say that default judgment was improper, since he ignored the second pleading just as he had the first.

On January 7, 1980, the Family Court received testimony in this case, appellant absenting himself from the proceeding. Two days later an order was filed granting respondent: (1) a divorce on the ground of one year's separation; (2) lump-sum alimony in the amount of $10,000.00 or in the alternative a conveyance to respondent of appellant's one-half interest in the jointly owned marital residence; (3) certain divisions of personal property; and (4) attorney's fees. There is no contention that the decree was not duly served on appellant. No appeal was taken from the order.

Appellant does correctly point out however that the order of the trial court goes far beyond the relief prayed for in the respondent's petition. The extent of relief that can be awarded to the plaintiff in a default case is governed by Section 15-35-70, Code, which states:

> The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint, but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.

Under the foregoing section, the plaintiff in a default case is limited in his recovery to that demanded in the prayer for relief. *Hopkins v. Hopkins*, 266 S. C. 23, 221 S. E. (2d) 113.

Comparing the prayer with the decree, we are forced to ■■ conclude: (1) the trial court was without authority to grant a divorce and erred in so doing; (2) the trial court was not asked to make an award of lump-sum alimony and erred in so doing, which error nullifies the alternative conveyance of interest in the marital residence; (3) the trial court was not asked to divide personal property and erred in so doing; (4) the trial court was asked to award attorney fees and properly did so, with authority retained to consider further awards on remand.

A comment is required on the issue of lump-sum alimony, for ordinarily a trial court would have authority to direct payment of alimony in installments or in a lump-sum under a general prayer for such relief. Reflection upon prior cases in which we have reviewed awards of lump-sum alimony leads us to conclude that such awards are generally supported by special facts and circumstances. *McCullough v. McCullough*, 271 S. C. 475, 477, 248 S. E. (2d) 308; *Jones v. Jones*, 270 S. C. 280, 283, 241 S. E. (2d) 904; *Nienow v. Nienow*, 268 S. C. 161, 172, 232 S. E. (2d) 504; *Murdock v. Murdock*, 243 S. C. 218, 225, 133 S. E. (2d) 323. None of these cases involved default judgments. We are thus called upon to address a novel question, and it is our view that a general prayer for alimony does not provide sufficient notice to a defendant to support a subsequent award of lump-sum alimony upon a default judgment. Accordingly we hold that the entire award under this heading must be set aside.

We find no basis upon which to relieve the appellant of default on the grounds of mistake, inadvertence or excusable neglect. Hence the extent of his participation in determining issues on remand will depend upon amendments, if any, made to the pleadings. With the exception of the award of counsel

fees, the judgment under appeal is reversed and remanded for further proceedings in accord with foregoing views.

Reversed and remanded.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.