Cooper v. Cooper

---

EDDIE LEE COOPER, JR., PLAINTIFF v. GLENDA COOPER, DEFENDANT

No. 8726DC1064

(Filed 5 July 1988)

**Divorce and Alimony § 30— South Carolina divorce—right to equitable distribution of property in North Carolina not destroyed**

    Since neither party requested an adjudication of their property rights in a South Carolina divorce action, it necessarily followed under Sec. 20-7-420 of the South Carolina Code that the court never acquired jurisdiction over their marital property, and the divorce judgment entered therein did not destroy plaintiff's right to an equitable distribution of their marital property under N.C.G.S. § 50-11(f).

APPEAL by plaintiff from *Jones, William G., Judge*. Order entered 22 June 1987 and amendment to order entered 28 July 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 30 March 1988.

*Ray Rankin and Merryman, Dickinson, Ledford & Rawls, by Charles B. Merryman, Jr., for plaintiff appellant.*

*Wishart, Norris, Henninger & Pittman, by Alan R. Krusch, for defendant appellee.*

PHILLIPS, Judge.

The parties, formerly husband and wife, lived for many years in Mecklenburg County where they separated for the last time in 1984, after which defendant moved to South Carolina and obtained a divorce on 18 February 1986. Within six months thereafter this action for the equitable distribution of three parcels of Mecklenburg County real estate that the parties acquired during the marriage was brought. Following defendant's motion to dismiss and a hearing thereon at which depositions, pleadings and other materials were considered the court dismissed the action by order of summary judgment on the ground that it is barred by the South Carolina divorce judgment under G.S. 50-11(f) which provides as follows:

    An absolute divorce by a court that lacked personal jurisdiction over the absent spouse *or lacked jurisdiction to dispose of the property* shall not destroy the right of a

spouse to an equitable distribution of marital property under G.S. 50-20 if an action or motion in the cause is filed within six months after the judgment of divorce is entered. (Emphasis supplied.)

The decision that plaintiff's right to an equitable distribution of their Mecklenburg County real estate was destroyed by the divorce judgment is based upon findings of fact and conclusions of law that the South Carolina court had personal jurisdiction over the absent plaintiff and had jurisdiction to dispose of their property. Though both these determinations are challenged by plaintiff, the determination that the South Carolina court had personal jurisdiction of plaintiff is invulnerable under the principles laid down in *International Shoe Company v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945) and *Miller v. Kite*, 313 N.C. 474, 329 S.E. 2d 663 (1985) because it is supported by evidence and findings that plaintiff had had many substantial contacts with the State of South Carolina over a period of several years and plaintiff was served with process in accord with that State's long arm statute. But the determination that the South Carolina court had jurisdiction to dispose of the marital property is not similarly supported, as the following record facts and applicable provisions of South Carolina law plainly show:

Following a series of separations and reconciliations beginning in 1978 when the parties were domiciled in Mecklenburg County, defendant moved to South Carolina in 1984 and in September, 1985 she sued for divorce in the Family Court of Horry County, South Carolina and plaintiff was served in North Carolina, where he continued to be domiciled, by certified mail. In the petition or complaint defendant alleged in substance only that she was entitled to an absolute divorce because of plaintiff's adultery and her only reference to their property was the statement "[t]hat the parties desire to maintain the assets presently held by each of them." Plaintiff neither appeared in nor filed a pleading in the action and in due course a default judgment for absolute divorce was entered, which did not mention the parties' property. When the divorce proceeding was heard South Carolina had no equitable distribution statute and the Family Court had only such jurisdiction over the property of marital litigants as Sec. 20-7-420 of the South Carolina Code granted. Under that statute the Fami-

Cooper v. Cooper

ly Court had the exclusive jurisdiction to hear and determine actions —

> [f]or divorce *a vinculo matrimonii,* separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in such actions in and to the real and personal property of the marriage and attorneys' fees, *if requested by either party in the pleadings.* (Emphasis supplied.)

Thus, the Family Court's jurisdiction over the property of the parties did not automatically attach upon the filing of defendant's suit, but depended upon a request in a pleading by one of the parties. The complaint, the only pleading in the action, neither alleged the existence of marital property nor requested an adjudication with respect to it; and the statement therein that "[t]he parties desire to maintain the assets presently held by each of them" instead of being a request for the court to adjudicate their property rights was a declaration that such an adjudication was not desired. Since neither party requested an adjudication of their property rights it necessarily follows that under the foregoing statute the court never acquired jurisdiction over their marital property and that the divorce judgment entered therein did not destroy plaintiff's right to an equitable distribution of their marital property under G.S. 50-11(f), as the court erroneously ruled. Our holding that the Family Court had no authority over the property of the parties is in accord with several South Carolina decisions, including *Harris v. Harris,* 279 S.C. 148, 303 S.E. 2d 97 (1983).

The order appealed from is vacated and the matter remanded to the District Court for an equitable distribution of the parties' marital property as requested in the complaint.

Vacated and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.