610 S.E.2d 309

Richard R. HAWLEY, Appellant,

v.

Fran T. HAWLEY, Respondent.

No. 3957.

Court of Appeals of South Carolina.

Heard Jan. 11, 2005.

Decided March 3, 2005.

Evander G. Jeffords, of Florence and John S. Nichols, of Columbia, for Appellant.

James C. Cox, Jr., of Hartsville, for Respondent.

GOOLSBY, J.

In this divorce action, Richard R. Hawley (Husband) appeals the award of alimony to Fran T. Hawley (Wife). We affirm.

## FACTS

The parties married in October 1999. At the time of the marriage, Wife was employed at Certified Laboratories earning approximately $28,000.00 per year. The parties purchased a home in Florence County that served as the marital residence. Wife's son from a prior marriage lived with them at

the home. Wife ceased working outside the home; however, she retained ownership of the home in which she lived before the marriage and used it as rental property.

A few years later, the parties separated. On February 7, 2003, Husband filed this action for separate support and maintenance. Wife filed an answer and counterclaim on March 5, 2003, and amended her pleadings on March 13, 2003. On April 4, 2003, the parties consented to a temporary order providing in part that Wife was to have, *pendente lite*, sole use and possession of the marital residence and Husband was to pay certain obligations associated with the home, including the mortgage, insurance, and real property taxes. In addition, Husband was to pay Wife $650.00 per month to maintain power, water, and essential services for the home.

Husband's financial declarations indicated he had a gross monthly income of $8,835.57 and a net monthly income of $5,516.75. The declaration indicated the mortgage on the marital home was $1,066.06 per month. Wife's financial declaration indicated her main source of income was the $650.00 from Husband pursuant to the temporary order. The parties had significant property, both marital and non-marital, with Husband owning a substantial non-marital retirement account.

The family court granted the divorce based upon Husband's post-separation adultery, divided the marital property, and required the sale of the marital residence.[1] The court also found Wife was unemployed and might need additional training prior to being able to find employment. The court attributed the parties' comfortable lifestyle to Husband's earnings. Finally, the court concluded: "A reasonable alimony payment of $1500.00 per month plus her equitable division award should enable her to support herself reasonably, until she finds employment. At that time, upon proper pleadings, the court can adjust the alimony as necessary."

Husband moved to amend the order with respect to the alimony award. He asserted the claim for alimony was not properly or fairly raised in the amended answer and the facts of the case did not justify an alimony award. The family court denied the motion, and this appeal followed.

---

1. None of these holdings are involved in this appeal.

## LAW/ANALYSIS

█ 1. Husband contends the award of alimony was improper because Wife failed to raise the claim in her pleadings and never specifically articulated her request for this relief during the trial. In support of this argument, he notes that Wife's amended answer and counterclaim differed from her initial responsive pleadings only in that it added a claim for divorce on the ground of adultery and requested alimony in the prayer for relief. We find Husband's argument unavailing.

In *Harris v. Harris*,[2] the South Carolina Supreme Court found a general prayer for alimony was not sufficient notice of a claim to support a default judgment for lump-sum alimony. In so holding, however, the court stated that "ordinarily a family court would have authority to direct payment of alimony ... under a general prayer for such relief" and further explained that, because the respondent failed to plead special facts and circumstances justifying an award of lump-sum alimony, her general prayer for alimony was insufficient to support such an award upon a default judgment.[3]

In the present case, Wife sets forth some basic facts to support a claim of alimony, such as leaving her job and her inability to support herself. Additionally, her prayer for relief includes a request for "support and alimony, both pendente lite and permanently." We agree with Wife the request in her prayer for relief was sufficient to place Husband on notice that she was requesting alimony. In contrast to *Harris*, this case did not involve a default judgment. Rather, both sides actively participated in the litigation and had the opportunity to present evidence in opposition to each other's claims.

We are aware of Husband's position that much of the evidence presented during the trial supporting Wife's disputed claim for alimony was also relevant to the issue of equitable division and his failure to object to the evidence was therefore

---

2. 279 S.C. 148, 303 S.E.2d 97 (1983).

3. *Id.* at 152, 303 S.E.2d at 100; *see also* 61A Am.Jur.2d *Pleading* § 152, at 146 (1999) ("The prayer for relief is not an irrelevant portion of the pleading, and, although it does not cure an insufficient pleading, it can be of value to clarify and support the pleading's allegations.").

not a waiver of his objection to this relief. Nevertheless, the record has evidence that in our view would support Wife's entitlement to spousal support but has no easily discernible connection to the equitable distribution.[4] Furthermore, it is apparent from a settlement offer from Wife's attorney that Wife was seeking support, and the record does not contain anything suggesting Husband intended to object to this request at trial on the ground that it had not been raised in the pleadings. Finally, we find it significant that, while this action was pending, Husband agreed to pay certain expenses that could be considered in the nature of support.[5]

We therefore hold Wife's amended answer and counterclaim and the testimony presented at trial were sufficient to support a finding that Husband had sufficient notice of her alimony claim.

▪ 2. Husband contends the evidence presented at trial did not justify the award of alimony. We disagree.

"Generally, alimony should place the supported spouse, as nearly as is practical, in the same position he or she enjoyed during the marriage."[6] "When a wife is awarded alimony, it is a substitute for the support which is normally incident to the marital relationship."[7] In setting an alimony award, the family court must consider the following factors: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5)

---

4. Husband was questioned regarding Wife's leaving employment. He indicated he had no problem with her leaving. Wife testified it was at his request. Husband was also questioned about an e-mail sent to Wife in which he promised to "provide [Wife] with security and love and a chance to enjoy life."

5. Although Husband explained at oral argument that he agreed to pay these expenses only to preserve his interest in certain assets, we note that he could have requested that the court order Wife to pay her pro rata share of these expenses or specify that the expenses be paid from marital funds.

6. *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.App.2001).

7. *McNaughton v. McNaughton*, 258 S.C. 554, 558, 189 S.E.2d 820, 822 (1972).

standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; (12) prior support obligations; and (13) other factors the court considers relevant.[8] No one factor is dispositive.[9]

The family court, in explaining the reason for awarding alimony, explained that Wife was unemployed and would have a difficult time finding an adequate job to support her in the manner in which she became accustomed during the marriage. Additionally, the court reiterated the fact that Husband ended the marriage by leaving and by committing adultery, elaborating that "[s]ince Husband has left [Wife] without legal cause, has income disproportionate to hers, has income sufficient to support himself and her to a reasonable extent, and non-marital assets greatly in excess of hers, he should pay her alimony on a periodic basis." This clearly indicates the court considered the appropriate factors before making the award of alimony. We therefore find no abuse of discretion in awarding Wife periodic alimony.

■ 3. Finally, Husband argues the family court abused its discretion in setting the alimony award at $1,500.00 per month. To the extent this argument has been adequately briefed for appeal, we disagree.[10]

In the divorce decree, the family court stated Wife had only a high school diploma and therefore may need some additional training or education to re-enter the job market. The court further noted the parties had enjoyed a comfortable lifestyle. Based on these factors, the court found that "[Wife] will get a job, but it may take time, and it may not be adequate to

8. S.C.Code Ann. § 20–3–130(C) (Supp.2004).

9. *Allen*, 347 S.C. at 184, 554 S.E.2d at 424 (citing *Lide v. Lide*, 277 S.C. 155, 157, 283 S.E.2d 832, 833 (1981)).

10. Husband fails to cite any supporting authority for his position, and all arguments made are merely conclusory statements. As such, Husband arguably has abandoned the issue on appeal. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding the appellant was deemed to have abandoned an issue for which he failed to provide any argument or supporting authority).

support a lifestyle commensurate with her last job or the lifestyle of her marriage." As further support of the alimony award, the court determined that, after the sale of the marital home, in which Wife was permitted to reside while it was on the market, Wife was "entitled to a residence in a safe neighborhood, comparable to the marital home." In addition, the court found that medical insurance alone would cost her $220.00 per month. Finally, in both the divorce decree and in statements from the bench during the hearing on Husband's post-trial motion, the family court indicated that the issue of alimony would be revisited upon proper pleadings and a showing that Wife had the means to secure "reasonable employment," thus allowing for the alimony award to be modified or even terminated at some future time. Under these circumstances, we hold the family court acted within its discretion in determining the amount of alimony.[11]

**AFFIRMED.**

HEARN, C.J., and WILLIAMS, J., concur.

---

11. *See Smith v. Smith,* 264 S.C. 624, 628, 216 S.E.2d 541, 543 (1975) ("The rule in this State is well settled that the amount to be awarded for alimony and child support, as well as a determination of whether the wife is entitled to alimony at all, is within the sound discretion of the trial judge."); *Allen,* 347 S.C. at 184, 554 S.E.2d at 424 ("It is the duty of the family court to make an alimony award that is fit, equitable, and just if the claim is well founded.").