**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mireya G. Schwartz and Evan Collins, Appellants,

v.

David W. Collins, Respondent.

Appellate Case No. 2015-000555

———————

Appeal From Dorchester County
William J. Wylie, Jr., Family Court Judge

———————

Unpublished Opinion No. 2017-UP-346
Submitted November 1, 2016 – Filed August 16, 2017

———————

**AFFIRMED IN PART, VACATED IN PART, AND REVERSED IN PART**

———————

William J. Clifford, of William J. Clifford, LLC, of North Charleston, for Appellants.

Christopher David Lizzi, of Lizzi Law Firm, PC, of North Charleston, for Respondent.

———————

**PER CURIAM:** Mireya Schwartz and Evan Collins (collectively, Appellants) appeal the family court's order denying their request for previously incurred college expenses, student loans, and costs; holding David Collins (Father)

responsible for his share of college expenses beginning with the Spring 2015 semester; and holding the parties responsible for their own attorney's fees. Appellants argue the family court erred in (1) finding their burden of proof required a showing that Evan could not attend college without the assistance of his parents when parental contribution for tuition and books had been reduced to a final order; (2) holding Father liable for prospective college expenses pursuant to the parties' property settlement and separation agreement (the Agreement) but not for the college expenses already incurred because testimony did not adequately establish the amount of Father's required contribution; and (3) holding the parties responsible for their own attorney's fees. We affirm in part, vacate in part, and reverse in part.

Initially, we find the family court improperly considered factors under *Risinger*.[1] The parties previously entered the Agreement concerning payment of their children's college expenses. Therefore, the Agreement controls this dispute, and the family court erred in considering the *Risinger* factors. *See Nicholson v. Nicholson*, 378 S.C. 523, 539, 663 S.E.2d 74, 83 (Ct. App. 2008) ("As in *Lacke*, this controversy is governed by the Agreement and, thus, the *Risinger* analysis is inapplicable."); *Lacke v. Lacke*, 362 S.C. 302, 313, 608 S.E.2d 147, 153 (Ct. App. 2005) ("Furthermore, this case is governed by the parties' agreement."); *id.* at 314, 608 S.E.2d at 153 ("*Risinger* . . . ha[s] no application to situations where a parent voluntarily binds himself in an agreement to assume a child's college expenses. When such an agreement exists, the child is under no obligation to minimize expenses, incur student loans, or apply her own income to pay for college unless the agreement so provides."). Accordingly, we vacate the family court's findings with respect to the *Risinger* factors.

Next, we find the family court erred by denying Appellants' request for contribution toward all of Evan's college expenses pursuant to the Agreement. The Agreement was unambiguous and required Father "to be responsible for [one-half] of the tuition and books for all three children. [Father's] responsibility will not exceed the cost of a student attending the University of South Carolina [(USC)]."

---

[1] *See Risinger v. Risinger*, 273 S.C. 36, 39, 253 S.E.2d 652, 653–54 (1979) ("[The] family court . . . may require a parent to contribute that amount of money necessary to enable a child over 18 to attend high school and four years of college, where . . . there is evidence that: (1) the characteristics of the child indicate that he or she will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; and (4) the parent has the financial ability to help pay for such an education.").

*See Nicholson*, 378 S.C. at 532, 663 S.E.2d at 79 ("In South Carolina, the construction of a separation agreement is a matter of contract law." (quoting *Davis v. Davis*, 372 S.C. 64, 75, 641 S.E.2d 446, 451 (Ct. App. 2006))); *Heins v. Heins*, 344 S.C. 146, 158, 543 S.E.2d 224, 230 (Ct. App. 2001) ("Unambiguous marital agreements will be enforced according to their terms."). Thus, Father is responsible for one-half of all of Evan's college tuition and books not to exceed the cost of a student attending USC, and the family court erred by ruling otherwise simply because Appellants did not introduce complete evidence of the cost of attending USC. *See Burch v. Burch*, 395 S.C. 318, 331, 717 S.E.2d 757, 764 (2011) ("[I]t is settled law in South Carolina that '[c]ourts have the inherent power to do all things reasonably necessary to insure that just results are reached to the fullest extent possible.'" (second alteration in original) (quoting *Buckley v. Shealy*, 370 S.C. 317, 323–24, 635 S.E.2d 76, 79 (2006))). Accordingly, we reverse the family court's denial of Appellants' request for contribution toward all of Evan's college expenses pursuant to the Agreement.

To the extent Father claims the family court erred by considering the Agreement because Appellants failed to cite or rely on the Agreement in their pleadings, we find the issue is not properly before us. The family court ruled in Appellants' favor on this issue. Thus, to properly present this issue for appellate review, Father was required to file a cross-appeal. Because Father did not appeal this adverse ruling, we affirm the family court's finding that it could consider the Agreement. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

Finally, the family court found an award of attorney's fees to either party would be inequitable. Appellants argue that if they are entitled to recover for past tuition and book expenses, they should also be entitled to attorney's fees. Appellants state that their brief and the record on appeal implicitly demonstrate they have met the *Glasscock*[2] factors. Father asserts the family court's ruling on attorney's fees was proper.

We find no error by the family court in requiring the parties to pay their own attorney's fees. The court reached its determination regarding attorney's fees based on a balancing of the equities. Appellants have not refuted this ruling. Appellants simply make the conclusory statement that the record and briefs implicitly show

---

[2] *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (outlining six factors to determine an appropriate award of attorney's fees).

they have met the *Glasscock* factors.  Arguably, Appellants' short, conclusory statement constitutes abandonment of the issue.  *See Hawley v. Hawley*, 363 S.C. 318, 324 n.10, 610 S.E.2d 309, 312 n.10 (Ct. App. 2005) (finding an issue to be abandoned when there was no citation to authority and all arguments were short, conclusory statements).  Even if Appellants have not abandoned the issue, we find no error in the family court's decision to hold the parties responsible for their own attorney's fees.  We note the parties appear able to pay their own attorney's fees. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992) (explaining the family court should consider the following factors when determining whether an award of attorney's fees is warranted: "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living").  Accordingly, we affirm the family court's order requiring the parties to pay their own attorney's fees, and we vacate the portion of the family court's order discussing the *Risinger* factors.  We reverse the family court's denial of Appellants' request for contribution toward all of Evan's college expenses pursuant to the Agreement and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REVERSED IN PART.**[3]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.