15569

DINKINS v. ROBBINS *ET AL.*

(26 S. E. (2d), 689).

(See 200 S. C., 475, 21 S. E. (2d), 10)

February, 1943.

*Mr. John G. Dinkins* and *Mr. James Hugh McFaddin,* both of Manning, S. C., Counsel for Appellant,

*Messrs. DuRant & DuRant,* of Manning, S. C., Counsel for Respondent,

August 2, 1943.

MR. ASSOCIATE JUSTICE BAKER delivered the opinion of the Court:

This is a second appeal of this case. A synopsis of the

pleadings in the action will be found in the previous decision, 200 S. C., 475, 21 S. E. (2d), 10. After the decision on the previous appeal, respondents' attorneys moved before Honorable G. B. Greene, Presiding Judge, "for an order referring the issues in this action to a Special Referee for trial." The matter was heard and Judge Greene filed his order bearing date September 14, 1942, refusing the order of reference.

On September 16, 1942, respondents' attorneys served notice that they would move before Judge Greene on September 21, 1942, "for an order referring the equitable issues in this action to a Referee for trial, or with such limitations as the Court may direct."

This motion came on for hearing before Honorable William H. Grimball, Judge of the Ninth Judicial Circuit, then presiding in the Third Judicial Circuit, who, on February 5, 1943, made an order, the pertinent portion of which is as follows:

"It is further ordered that the trial of the equitable issues in this cause be, and the same is hereby, referred to Honorable George Shore, attorney at law, of Sumter, S. C., as Special Referee; to take the testimony and to report to this Court his findings of both law and fact, and any other special matter.

"It is further ordered that the equitable issues hereby referred for trial and determination are as follows:

"1. Was the alleged transfer from V. R. Dinkins to Frances M. Dinkins a fraud on the defendant S L. Robbins?

"2. Was Frances M. Dinkins the bona fide holder of a past due mortgage and as such in possession of the automobile in question, and if so what was the amount due on the mortgage?

"It is further ordered that the trial of the cause of action for damages be reserved for future trial by a jury on the law side of the Court in the event that plaintiff herein should prevail in the determination of the equitable issues above set forth."

This appeal is from Judge Grimball's order. We deem it only necessary to consider a question raised by this appeal, as follows:

Does a Circuit Judge have jurisdiction and power to grant a compulsory order of reference as to certain equitable issues raised by the pleadings when a former Circuit Judge has refused a general order of reference, from which there has been no appeal?

The rule is well settled that the prior order of one Circuit Judge may not be modified by the subsequent order of another Circuit Judge, except in cases when the right to do so has been reserved to the succeeding Judge, when it is allowed by rule of Court or statute or when the subsequent order does not alter or substantially affect the ruling or decision represented by the previous order. *Mutual Building & Loan Ass'n of Sumter v. Hewson,* 196 S. C., 181, 12 S. E. (2d), 715, and authorities cited.

We think it is clear that Judge Greene had the power, under the motion for a general order of reference, to refer the equitable issues in this case to a Special Referee for trial, and that his decision refusing the order of reference encompassed a refusal to refer any issues. This judgment embraced all matters that could have been properly raised on the motion, and must be regarded as the law of the case. The subsequent order of Judge Grimball, referring certain equitable issues to a Special Referee for trial, modified and substantially altered the decision represented by Judge Greene's order. We find no fault with the rule laid down in *Mills v. Little,* 158 S. C., 17, 155 S. E., 148, to the effect that where the pleadings raise legal and equitable issues the Circuit Judge has the power to refer the equitable issues to a Special Referee to make findings of fact and conclusions of law, and that he has the discretion to determine whether it is in the interest of justice to grant such an order of reference, reserving the legal issues for trial by jury. Judge Grimball expresses the view that Judge Greene could

not have granted an order, referring "the issues in the action" to a Special Referee, because his authority was limited to referring the equitable issues, but it does not follow that he could not have referred the equitable issues only under the motion for a general order of reference. In the case of *Evans v. Anderson et al.,* 173 S. C., 291, 175 S. E., 527, the late esteemed Judge S. W. G. Shipp did just this, and the right to do so was not even questioned.

We are of the opinion that the order of Judge Grimball would have been fully warranted by the decisions of this Court, except for the previous order of Judge Greene refusing the order of reference, from which there was no appeal.

This renders unnecessary further consideration of the other questions raised by the appeal.

The order appealed from is reversed and the case remanded to the Circuit Court for proceedings not inconsistent herewith.

MR. ASSOCIATE JUSTICE FISHBURNE, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.

MR. ASSOCIATE JUSTICE STUKES did not participate.