21928

W. C. BELL and Davis O. Heniford, Jr., Appellants, v.
Malcolm E. WHITE and Bob Bible, Respondents.

(303 S. E. (2d) 242)

*Stevens, Stevens & Thomas*, Loris, *for appellants.*

*D. W. Green, Jr.*, of *Burroughs, Green & Sasser*, Conway; and *Howell V. Bellamy, Jr.*, of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers*, Myrtle Beach, *for respondents.*

May 24, 1983.

LEWIS, Chief Justice:

Appeal is from an order of the lower court denying appellants' motion to reinstate a cause of action previously dismissed by reason of a voluntary nonsuit.

This action was instituted by appellants to require specific performance of an alleged option agreement. Apparently the option lapsed after the suit was begun, rendering moot appellants' prayer for specific performance. After the court denied the motion by appellants to amend their complaint, appellants, agreeably to respondents, obtained an order of voluntary nonsuit without prejudice.

Shortly after the order of nonsuit was filed, respondent Malcolm E. White instituted an action against appellants for alleged abuse of process arising out of the action in which the order of voluntary nonsuit had been previously taken. Appellants then moved to set aside the voluntary nonsuit and to reinstate the original cause of action on the ground that the nonsuit had been entered through mistake and excusable neglect (Section 15-27-130, 1976 Code of Laws). They alleged that the voluntary nonsuit was based upon the oral assurances by counsel for respondents that the nonsuit would terminate the controversy between the parties. The trial court denied the motion and we affirm.

The voluntary nonsuit was entered *without prejudice* and, therefore, did not alone preclude the institution of the action for abuse of process. Appellants seek relief from the voluntary nonsuit *solely* upon the alleged oral agreement between counsel that the voluntary nonsuit terminated all of the controversy between the parties. The affidavits filed by counsel show that they are in sharp disagreement as to whether there was an understanding as alleged by appellants. Since counsel disagree as to the alleged agreement and did not reduce it to writing, it is rendered, in any event, of no binding effect under Rule 14 of the Circuit Court Rules, which provides:

> *Consent must be in writing.* — No agreement or consent between the parties, or their attorneys, in respect to the proceedings in a cause shall be binding, unless the same shall have been reduced to the form of an order by consent and entered; or unless the evidence shall be in writ-

ing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel; or unless made in open court and noted by the presiding judge or the stenographer on his minutes by the direction of the presiding judge.

The difficulty here results from the failure to follow the long established rules of the court, which affords no basis for a finding of excusable neglect.

Appellants have also appealed from that portion of the order settling the record which disallowed the printing of three documents. These documents have been printed as an appendix to the Transcript of Record. They were properly excluded by the trial judge. In any event, they would not affect our decision.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.