24253

ASHFORT CORPORATION, d/b/a California Dreaming, Respondent v. PALMETTO CONSTRUCTION GROUP, INC., and Russell D. Atkinson, Appellants.

(458 S.E. (2d) 533)

Supreme Court

C. Allen Gibson, Jr. and *Julius H. Hines, Buist, Moore, Smythe & McGee, P.A.*, Charleston, *for appellants.*

*Claron A. Robertson, III, Robertson & Seekings*, and *Paul F. Tecklenburg, McNair & Sanford*, Charleston, *for respondent.*

Submitted May 25, 1995.

Decided June 12, 1995.

*Per Curiam:*

This is an appeal of an order refusing to compel a settlement allegedly entered into by the parties. We affirm.

After this litigation was filed, the attorneys apparently advised the circuit court that the case had been settled, and the case was dismissed. Subsequently, a dispute arose over the terms of the settlement, and respondent moved to reinstate the case and appellants moved to compel settlement. The circuit court reinstated the case and refused to compel settlement finding there had been no "meeting of the minds" regarding the terms of the settlement.

1    Rule 43(k), SCRCP, provides as follows:

No agreement between counsel affecting the proceedings in a action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record.

Like former Circuit Court Rule 14 on which it is based, Rule 43(k) is intended to prevent disputes as to the existence and

terms of agreements regarding pending litigation. *Ex parte Pearson*, 79 S.C. 302, 60 S.E. 706 (1908).[1]

In our opinion, Rule 43(k) is applicable to settlement agreements. This conclusion is consistent with our prior case law applying former Circuit Court Rule 14 to settlement agreements, *Small v. Small*, 286 S.C. 87, 332 S.E. (2d) 769 (1985); *Bell v. White*, 279 S.C. 153, 303 S.E. (2d) 242 (1983), and with a majority of the decisions applying similar provisions in other states.[2] *Canyon Contracting Co. v. Tohono O'Odham Hous. Auth.*, 172 Ariz. 389, 837 P. (2d) 750 (Ct. App. 1992); *Davies v. Canco Enter.*, 350 So. (2d) 23 (Fla. Dist. Ct. App. 1977); *Omaha Nat'l Bank of Omaha v. Mullenax*, 211 Neb. 830, 320 N.W. (2d) 755 (1982); *Estate of Pewthers v. Holland Page Indus., Inc.*, 443 S.W. (2d) 392 (Tex. Civ. App. 1969); *American Casualty Co. v. Western Casualty & Sur. Co.*, 19 Wis. (2d) 176, 120 N.W. (2d) 86 (1963).

Appellants' reliance on *Arnold v. Yarborough*, 281 S.C. 570, 316 S.E. (2d) 416 (Ct. App. 1984), to argue that Rule 43(k) is inapplicable to settlement agreements is misplaced. That case dealt solely with the authority of an attorney to settle a case on behalf of his client and no issue was raised regarding what form such an agreement must take.

Further, appellants' assertion that the title to Rule 43, which is "Evidence; Conduct of Trial," shows that Rule 43(k) is limited to agreements relating to evidentiary and trial matters, and is, therefore, inapplicable to settlement agreements, is without merit. The unambiguous language of Rule 43(k) contains no such limitation, and the title of the Rule 43 may not limit the plain meaning of Rule 43(k). *Garner v. Houck*, 312 S.C. 481, 435 S.E. (2d) 847 (1993).

Additionally, contrary to appellants' argument, the application of Rule 43(k) will not result in uncertainty regarding settlements. Instead, the application of Rule 43(k) will increase the certainty of settlement agreements by avoiding disputes

---

[1] The rule does not apply where the agreement is admitted or has been carried into effect. *Id.*

[2] New York and Georgia have held similar provisions not to be applicable to settlement agreements. *Boswell v. Gillen*, 131 Ga. 310, 62 S.E. 187 (1908); *Langlois v. Langlois*, 5 A.D. (2d) 75, 169 N.Y.S. (2d) 170 (1957). We find no valid reason to exclude settlement agreements from the application of Rule 43(k).

such as the one in this case. As stated in 83 C.J.S. *Stipulations* § 4 (1953), the purpose of rules such as Rule 43(k) is:

> [T]o prevent fraudulent claims of oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes, which it has been said are often more perplexing than the case itself. The time of the court should not be taken up in controversial matters of this character.

Appellants also argue that Rule 43(k) is inapplicable to this case since the agreement they are attempting to enforce is between respondent and appellants' insurer and that this agreement was merely confirmed by the parties' counsel. To take such a narrow reading of Rule 43(k) would defeat its purpose of preventing disputes such as this one. The intent of Rule 43(k) is to require all agreements regarding pending litigation to either be announced in open court or to be reduced to a consent order or written stipulation and entered.

Finally, we find appellants' assertion that there has been substantial compliance with Rule 43(k) to be without merit. The only order which has been entered in this matter merely shows the action is dismissed with the notation "court advised case settled." This is insufficient since the order or written stipulation must set forth the terms of the settlement to comply with Rule 43(k). *Ex parte Pearson, supra; Lyons Enter., Inc. v. Custer,* 168 Ariz. 439, 814 P. (2d) 780 (Ct. App. 1991) ("A stipulation that simply states that a settlement has been reached, but does not set forth the terms of the settlement does not serve the purpose of the rule.").

Accordingly, we conclude that there has been no compliance with Rule 43(k), and there is no agreement which can be compelled in this case. The order on appeal is

Affirmed.