627 S.E.2d 724

**Carolyn FARNSWORTH, Appellant/Respondent,**

**v.**

**DAVIS HEATING & AIR CONDITIONING, INC., Respondent/Appellant.**

**No. 26120.**

Supreme Court of South Carolina.

Heard Jan. 18, 2006.

Decided March 6, 2006.

Charles J. Hodge and John G. Reckenbeil, both of Hodge Law Firm, of Spartanburg, for Appellant/Respondent.

D. Ryan McCabe, R. Bryan Barnes, and Robert J. Thomas, all of Rogers, Townsend & Thomas, of Columbia, for Respondent/Appellant.

Justice PLEICONES:

The circuit court ordered Appellant/Respondent Carolyn Farnsworth (Farnsworth) to comply with a settlement agreement between herself and Respondent/Appellant Davis Heating & Air Conditioning, Inc. (Davis). Farnsworth appealed, and Davis cross-appealed.[1] We certified the case from the Court of Appeals pursuant to Rule 204(b), SCACR. We reverse on Farnsworth's appeal, and affirm on Davis's appeal.

## FACTS

Farnsworth brought an action against Davis for breach of contract and negligence. During discovery, Farnsworth's attorney sent a letter to Davis's attorney indicating that Farnsworth would release Davis of all liability if Davis were to pay $22,000 to Farnsworth. There is no dispute that Farnsworth authorized her attorney to offer this settlement.

Davis's attorney accepted the offer by signing the letter. Soon thereafter, Farnsworth decided that she wanted a trial. She notified Davis that she was rescinding the agreement. Davis thereafter filed a motion to compel Farnsworth to comply with the agreement. The circuit court granted the motion, holding that Rule 43(k), SCRCP, governed the enforcement of agreement, and that the requirements of the rule had been satisfied.

## ISSUES

I.   Whether Rule 43(k), SCRCP, was satisfied.

II.   Whether Rule 43(k) applies.

---

1. The cross-appeal is the product of this case's unusual procedural path, which we need not address to resolve the issues before us. Both appeals involve the two issues addressed below.

## ANALYSIS

■ "Rule 43(k) is intended to prevent disputes as to the existence and terms of agreements regarding pending litigation." *Ashfort Corp. v. Palmetto Constr. Group, Inc.*, 318 S.C. 492, 493–94, 458 S.E.2d 533, 534 (1995). The rule provides, in pertinent part:

No agreement *between counsel* affecting the proceedings in an action shall be binding unless reduced to the form of a *consent order* or *written stipulation* signed by counsel and *entered in the record,* or unless made in open court and noted upon the record.

Rule 43(k), SCRCP (emphasis added).[2]

### I. SATISFACTION OF RULE 43(K)

■ Prior to filing its motion to compel, Davis admittedly received actual notice that Farnsworth was withdrawing her assent. It was for this reason that Davis filed the motion. Rule 43(k) provides that "[n]o agreement . . . shall be binding unless" one of the three conditions listed above is met. In other words, an agreement is non-binding until a condition is satisfied. Until a party is bound, she is entitled to withdraw her assent.

Here, Farnsworth rescinded the agreement before Davis filed the motion to compel. As soon as Davis received notice of rescission, the letter signed by counsel ceased representing an agreement. The circuit court, therefore, ordered Farnsworth to comply with an agreement that did not exist.

### II. APPLICABILITY OF RULE 43(K)

■ Davis claims that compliance with Rule 43(k) is not required in this scenario, because Rule 43(k) does not apply to a written settlement agreement that the parties admit was duly executed. We disagree.

We have held in the past that Rule 43(k) applies to settlement agreements. *Ashfort Corp.*, 318 S.C. at 494, 458 S.E.2d at 534. Davis argues that the rule does not apply here

---

**2.** The rule was amended in 2003, with a sentence added at the end: "Settlement agreements shall be handled in accordance with Rule 41.1, SCRCP." This amendment is irrelevant to the issues before us.

because this agreement is an "admitted" agreement. Davis relies on dictum of this Court and holdings of the Court of Appeals that Rule 43(k) "does not apply where the agreement is admitted or has been carried into effect." *Ashfort Corp.*, 318 S.C. at 494, 458 S.E.2d at 534 n. 1 (citing *Ex parte Pearson*, 79 S.C. 302, 309, 60 S.E. 706, 708 (1908), in which the Court held that Circuit Court Rule 14, the predecessor to Rule 43(k), did not apply to agreements that had been admitted or carried into effect);[3] *see also Widewater Square Assocs. v. Opening Break of Am., Inc.*, 319 S.C. 243, 245, 460 S.E.2d 396, 397 (1995) (referring to the *Ashfort* dictum); *Reed v. Associated Inv. of Edisto Island, Inc.*, 339 S.C. 148, 152, 528 S.E.2d 94, 96–97 (Ct.App.2000) (citing the *Ashfort* dictum as a rule of law); *Galloway v. Regis Corp.*, 325 S.C. 541, 546, 481 S.E.2d 714, 716 (Ct.App.1997) (same). The *Ashfort* dictum does not comport with the language of Rule 43(k).

■■ The rule is plainly worded: "No agreement ... shall be binding unless" one of the three requirements is met. "Under our general rules of construction, the words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *State v. Muldrow*, 348 S.C. 264, 268, 559 S.E.2d 847, 849 (2002). "In interpreting the meaning of the South Carolina Rules of Civil Procedure, the Court applies the same rules of construction used to interpret statutes." *Maxwell v. Genez*, 356 S.C. 617, 620, 591 S.E.2d 26, 27 (2003). Because Rule 43(k) plainly applies to all settlement agreements signed by counsel, we find no merit in Davis's argument that the rule does not apply in this case.

---

3. Circuit Court Rule 14 provided:

No agreement or consent between parties, or their attorneys, in respect to the proceedings in a cause, shall be binding, unless the same shall have been reduced to the form of an order by consent and entered; or unless the evidence shall be in writing, subscribed by the party against whom shall be alleged, or by his attorney or counsel; or unless made in open court and noted by the presiding judge or the stenographer on his minutes by the direction of the presiding judge. Under this rule, Davis and Farnsworth's agreement would be enforceable simply because it is in writing. Unlike Rule 43(k), Circuit Court Rule 14 did not contain the additional requirement that written agreements be entered into the record.

## CONCLUSION

On Farnsworth's appeal, we reverse. On Davis's appeal, we affirm. The case is remanded to the circuit court for trial.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., MOORE, J., and Acting Justices CLYDE N. DAVIS, JR., and DONNA S. STROM, concur.