635 S.E.2d 76

**Deena S. BUCKLEY, Respondent/Appellant,**

v.

**E. Wade SHEALY, Jr., Appellant/Respondent.**

No. 26186.

Supreme Court of South Carolina.

Heard May 4, 2006.

Refiled Sept. 18, 2006.

Rehearing Denied Sept. 18, 2006.

318

Donald Bruce Clark, of Charleston, for Appellant–Respondent.

Stephen L. Brown, Matthew K. Mahoney, Jeffrey J. Wiseman, all of Young Clement Rivers, of Charleston, for Respondent–Appellant.

## ORDER

Appellant/Respondent (Shealy) filed a petition for rehearing in which he asked the Court to reconsider its opinion reversing the family court's award to him of an equitable set-off for "overpayments" of child support.

We deny the petition for rehearing, withdraw the former opinion, and substitute the attached opinion.

s/ Jean H. Toal, C.J.,

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

s/ L. Casey Manning, Acting Justice

I would grant and adhere to my previous dissent.

s/ Costa M. Pleicones, J.

Justice E.C. BURNETT, III, not participating.

IT IS SO ORDERED.

Chief Justice TOAL:

This is an appeal from the family court's decision in a rule to show cause hearing regarding the compliance with a divorce settlement agreement. We affirm the trial court's decision declining to enforce the 1997 agreement, converting the note into a money award to Deena Buckley (Wife), and awarding $2,400 per month in child support. However, we reverse the trial court's decision to award Wade Shealy (Husband) an equitable set-off.

### PROCEDURAL / FACTUAL BACKGROUND

Wife and Husband have been involved in marital litigation since 1993. In October of 1993, the family court entered an order approving a separate support and maintenance agreement between the parties. Among other things, the family court ordered Husband to assign $30,000 of his interest in a note owed to him by his real estate firm, the Pinnacle Group (Pinnacle), to Wife. However, several issues between the parties were not able to be resolved in the 1993 agreement because Husband failed to assign the note to Wife and Husband's failure to make other payments to Wife. Husband also

failed to comply with other requirements of the 1993 order. For example, Husband was ordered to obtain a life insurance policy in the amount of $1,000,000 for the benefit of his children. Husband let the policy lapse and later obtained policies totaling $600,000 in value but naming his father and sister as beneficiaries of the policies.

As a result, in 1995, Wife filed a rule to show cause to enforce the family court's order. Consequently, a second order was entered in this litigation requiring Husband to pay $44,340.70 to Wife. The family court again ordered that the Pinnacle note be assigned to Wife. The terms of the 1995 order were to be completed within thirty days. However, Husband never complied with the order.

Because of Husband's failure to comply, Wife again filed a rule to show cause. In 1997, the family court ordered the parties to engage in mediation, and the result of the mediation lies at the heart of the appeal before this Court. The parties agree that, at sometime in 1997, Husband and Wife signed an agreement. Husband gave Wife a check for $5,000. In addition, Husband paid Wife $1,500 per month from 1997 to 2003. The signed agreement was last seen at the mediator's office, and it is unclear what happened to the signed agreement. However, it is clear that the family court never entered a signed copy of the agreement as a result of the 1997 rule to show cause and subsequent mediation. As a result, the agreement is not available for the Court to review.

The parties disagree as to the exact terms of the 1997 agreement. Husband contends that he agreed to pay a sum of $25,000 as full settlement for all unpaid judgments. He testified that $5,000 was a down payment on the sum. Further, he contends he agreed to pay the sum of $1,000 per month for twenty months to satisfy the unpaid debt. In addition, Husband said he was to pay $500 a month in child support. In sum, he contends he was to pay $1,500 a month for twenty months and $500 per month thereafter.

On the other hand, Wife contends that Husband was to pay $5,000 in delinquent child support and $1,500 a month in child support in futuro. To support her claim Wife points out that Despite Husband's contention that he would pay $1,500 for only twenty months, he continued to pay that sum for almost

five years and noted on the checks the amount was for child support.

In 2003, Wife filed yet another rule to show cause against Husband. Wife sought to hold Husband in contempt for his failure to comply with the 1995 family court order. In addition, Wife filed an action for declaratory judgment seeking a determination that the terms of the 1995 order were not complied with and that judgment continued to be outstanding. Husband counterclaimed seeking a set-off for alleged overpayments of child support.

Following a trial, the court ruled that Wife was entitled to the amounts of the judgments entered by the two previous family court orders plus statutory interest. In 2004, the court ordered that Wife receive $162,806.13 from Husband resulting from the prior family court orders that went ignored. The court went further to provide Husband with a set-off toward the amounts of "overpayment" related to child support. The Court gave Husband credit for the amount of support paid over and above the original family court ordered support. Thus Husband received a set-off for any amount of payment made over $200.78.[1] No documentation was provided as to how many payments were made but the court determined that Husband was entitled to a set-off totaling $97,629.62.

Husband appealed the court's ruling and Wife cross appealed as to the set-off. This Court certified this case from the court of appeals pursuant to Rule 204(b), SCACR. As a result, the following issues are before this Court:

I.  Did the family court err in determining that the 1997 agreement between the parties was unenforceable pursuant to Rule 43(k), SCRCP?

II.  Did the family court err in determining that Wife was not barred by equitable estoppel because Wife benefited under the 1997 agreement?

III.  Did the family court err in determining that there was no full accord and satisfaction under the 1997 agreement?

---

1. In 1995, the family court temporarily reduced Husband's child support payments to $200.78 and the amount was never increased after the temporary reduction until the 2004 family court order increasing the amount to $2,400 a month.

IV. Did the family court err in converting the assignment of a note in a 1993 family court order into a money judgment?

V. Did the family court err in awarding attorney's fees to Wife?

VI. Did the family court err in awarding Husband an equitable set-off?

## LEGAL ANALYSIS

### I. Rule 43(k)

██ Husband argues that the family court erred in determining that the 1997 agreement between the parties was unenforceable pursuant to Rule 43(k), SCRCP. We disagree.

Rule 43(k), SCRCP, provides that "[n]o agreement ... in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record." Because the purported agreement the parties reached following mediation was neither entered into the court's record nor acknowledged in open court and placed upon the record, Rule 43(k), SCRCP, plainly provides that the agreement is unenforceable. Accordingly, we uphold the family court's decision not to enforce the agreement.[2]

### II. Equitable Estoppel

If the Court determines an agreement existed, Husband argues that the family court erred in determining that Wife's suit was not barred by equitable estoppel because Wife benefited from the agreement.

Because we find that no enforceable agreement existed, we decline to address this issue.

---

2. Husband argues that Rule 43(k), SCRCP, does not apply where an agreement is admitted or has been carried into effect. Although Husband's argument draws directly from our precedent, *see Ashfort Corp. v. Palmetto Constr. Group, Inc.*, 318 S.C. 492, 494, 458 S.E.2d 533, 534 (1995), we recently held that Rule 43(k)'s terms are mandatory and that *Ashfort's* recitation was misguided dicta. *Farnsworth v. Davis Heating & Air Conditioning, Inc.*, 367 S.C. 634, 638, 627 S.E.2d 724, 726 (2006). Accordingly, we adhere to the view we adopted in *Farnsworth.*

## III. Accord and Satisfaction

Husband argues the family court erred in determining that there was no full accord and satisfaction of the 1997 agreement. We disagree.

Because, we find that no enforceable agreement existed, we decline to address this issue.

## IV. Conversion of Note

Husband argues that the family court erred in converting the Pinnacle group note into a money judgment. We disagree.

In the family court's 1995 order, the family court provided that Husband should assign $30,000 of a $600,000 note to Husband from his real estate company, Pinnacle, to Wife. The family court further provided that Wife could proceed directly against Pinnacle as holder of the note to collect the principal and any accrued interest due. In a subsequent proceeding before another family court the family court converted the note into a money judgment award to Wife.

In support of his argument, Husband cites authority that one circuit judge cannot overrule a standing order of another circuit court judge. *See Charleston County Dept. of Social Services v. Father*, 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995) (holding that a trial judge cannot over rule an order from another trial judge). Husband argues that the family court cannot "overrule" the standing order of another family court. In addition, Husband argues that Wife did not properly proceed to collect on the note as directed by the family court.

We find that the family court correctly converted Wife's share in the note into a money judgment. First, Husband never obeyed the 1995 family court directive to assign the note to Wife. As a result, Wife could not proceed against Pinnacle to collect on the note. Husband should not be permitted to gain from his failure to assign the note to Wife by now claiming she has not properly sought collection on the note. Second, the family court exercised its power in equity to ensure a just result. *See Ex Parte Dibble*, 279 S.C. 592, 595–96, 310 S.E.2d 440, 442 (Ct.App.1983) (stating the time honored equitable maxim that all courts have the inherent power

to all things reasonable necessary to ensure that just results are reached to the fullest extent possible).

Because Husband did not obey the family court's 1995 order, the subsequent family court decided, in equity and fairness to Wife, to carry the first court's order into effect by converting the note into a money judgment. *See Dinkins v. Robbins*, 203 S.C. 199, ——, 26 S.E.2d 689, 690 (1943) (stating that judge may act when the subsequent order does not alter or substantially affect the ruling of the previous order). Accordingly, we affirm the family court's decision.

## V. Attorney's Fees

■ Husband argues the family court erred in awarding attorney's fees to Wife. We disagree.

■ The decision to award attorney's fees in a divorce case is a matter within the sound discretion of the trial judge and the award will not be reversed on appeal absent an abuse of discretion. *Reid v. Reid*, 280 S.C. 367, 377, 312 S.E.2d 724, 729 (Ct.App.1984).

The family court correctly awarded attorney's fees to Wife. Husband consistently disobeyed the court's orders. The record reflects that Husband has been financially stable throughout these proceedings but has refused to obey the directives of the court. As a result, the family court correctly awarded attorney's fees to Wife.

## VI. Equitable Set-off

■ Wife argues that the family court erred in giving Husband an equitable set-off for "overpayments" of child support. We agree.

Husband received a set-off for child support payments made over and above $200.78 for the periods around 1997–2003. While the "final" 2004 Order does not explicitly spell out how the number $97,629.62 was derived, at some point during this ongoing saga, Husband's child support payment was reduced to the amount of $200.78 per month.[3] The temporary amount

---

3. During this time (1995) Wife and children were receiving food stamps. At the same time, Husband was earning at least $70,000 per year. In addition, Husband was building a financial empire—Husband

was never increased by court order. However, at sometime in 1997 Husband began to pay $1,500 a month in child support. Accordingly, in the 2004 order, the court awarded Husband a set-off for the payments made in excess of $200.78 for nearly six and a half years—thus the $97,000 figure.

We hold that the family court erred in awarding Husband a set-off. Husband failed to make timely child support payments for a time that, including appeal, amounts to almost 13 years. The record reflects a constant lack of effort on the part of Husband to cooperate with Wife. In fact, the record demonstrates a very good effort by Husband to be very difficult in his dealings with Wife. These actions pale in comparison to the ongoing disregard for the family court's directives. As a result, we do not believe that Husband should receive an *equitable* set-off. *See Norton v. Matthews*, 249 S.C. 71, 79, 152 S.E.2d 680, 684 (1967); *See also First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568–69, 511 S.E.2d 372, 379 (Ct.App.1998) (holding that the doctrine of unclean hands will preclude a litigant from recovering in equity if that litigant acted unfairly to the detriment of the plaintiff).

Husband is not a party deserving of equitable treatment because of his own misdeeds in dealing with Wife and with the court. Accordingly, we reverse the family court's decision awarding Husband a set-off.

### CONCLUSION

Based on the above reasoning, we affirm the decision of the family court declining to enforce the 1997 agreement between the parties. In addition, the family court correctly awarded Wife $162,806.13 and ordered Husband to pay $2,400 per month in child support.

However, the family court erred in giving Husband an equitable set-off. As a result, we reverse the decision of the family court related to the $97,629.62 set-off awarded Husband.

Accordingly, Husband is ordered to pay Wife $162,806.13. Husband is to pay child support in the amount of $2,400 per

owns 25% of an entity that bought a $15,000,000 island off the coast of Georgia, owns a home in Kennebunkport, Maine, and a lot in Florida. This is in addition to the over $250,000 in income Husband now makes.

month from February 2004 going forward. Husband is to pay retroactive child support of $6,300 in monthly payments of $480 per month for the period dating from July 2003 until February 2004. In addition, Husband is to comply with all other provisions outlined in the family court's order of February 3, 2004.

MOORE, WALLER, JJ., and Acting Justice L. CASEY MANNING, concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

I respectfully dissent. In 1997, the parties reached an agreement whereby the former husband began making monthly payments to his former wife in amounts far greater than the child support required of him by the 1995 modification of the 1993 order. While the terms of this 1997 agreement are unclear, and the agreement itself unenforceable, I find no abuse of discretion in the family court's decision to award the former husband a set-off for these greater-than-required payments against the monies due the former wife under the 1995 order. In my opinion, the family court's equitable resolution of this situation should be affirmed.