THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ronald E. Price and Diana R.B. Price, Appellants,
 
 
 

v.

 
 
 
 Investors Title Insurance Company, Respondent.
 
 
 

Appeal From Berkeley County
 Kristi Lea Harrington, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-359
 Submitted April 1, 2011  Filed June 30,
2011    

REVERSED AND REMANDED

 
 
 
 Tobias G. Ward, Jr. and J. Derrick
 Jackson, both of Columbia, for Appellants.
 James Y. Becker and Emily H. Farr, both of
 Columbia, for Respondent.
 
 
 

PER CURIAM: Ronald
 and Diana Price (the Prices) appeal from the trial court's order granting
 Investors Title Insurance Company's (Investors) motion for specific performance
 and to enforce a settlement agreement.  We reverse and remand.[1]
FACTS
In 2003, the Prices purchased a tract of land in Eagle
 Harbor Subdivision in Berkeley County.  Investors issued a title insurance
 policy covering the property.  After closing, the Prices discovered alleged
 defects they contended were covered under the policy.  The Prices filed this
 action against Investors seeking coverage.  Having relieved prior counsel, the
 Prices represented themselves and agreed to mediation. 
The case was mediated on November 20, 2008, and the parties
 signed a settlement agreement.  The agreement stated Investors would pay the
 Prices $12,500, and it further provided:  

 2. Counsel for the Defendants
 shall prepare a Release and Consent Order of Dismissal of the above action,
 which shall be executed by the Plaintiffs . . . . 
 3. The terms of this Settlement
 Agreement shall satisfy the requirements of the South Carolina Rules of Civil
 Procedure regarding a stipulation for settlement and conclusion of the above
 Case, and in the absence of a Consent Order as referenced above, may be entered
 into record by any Party to this action to conclude this Case, with prejudice
 as to all claims which were or could have been asserted therein. 

The following week, the Prices revoked the agreement
 by facsimile to the mediator, copying counsel for Investors.  The Prices
 allegedly expected to receive further documentation, in the form of a
 "Consent Order," which would include additional terms. The Prices contended
 they discussed the matter with Investors' counsel shortly after sending their
 revocation.  Investors' counsel sent a revised "Settlement Agreement and
 Release."  The Prices did not believe the revised agreement was consistent
 with the parties' negotiated terms.  In December 2008, Investors filed a
 "Motion for Specific Performance and to Enforce Mediation Agreement."  
Several months later, the parties again negotiated,
 with Investors' counsel emailing the Prices, stating: "We are very close
 to being able to confirm whether or not we will be able to settle with you
 under the terms you discussed previously . . . ," and "Ms. Price: I
 am optimistic that we can agree on all the terms you and I last
 discussed."  Investors' counsel sent a second revised "Settlement
 Agreement and Release."  The Prices argued this revision also failed to
 include the new terms, and the Prices allegedly sent another agreement, which
 Investors rejected.  
On July 27, 2009, the trial court heard arguments on Investors'
 motion to enforce the settlement agreement.  The Prices hired counsel, who
 filed a Notice of Appearance in October 2009.  The court granted Investors'
 motion and dismissed the Prices' complaint in an order filed December 14, 2009. 
 The court denied the Prices' motion to alter or amend.  This appeal followed.  
STANDARD OF REVIEW
At issue in this case is
 the interpretation of Rule 43(k), SCRCP.  The interpretation of a rule or
 statute is reviewed de novo.  Limehouse v. Hulsey, Op. No. 4805 (S.C.
 Ct. App. filed June 2, 2011) (Shearouse Adv. Sh. No. 18 at 26, 37); see Catawba
 Indian Tribe of S.C. v. State, 372 S.C. 519, 524, 642 S.E.2d 751, 753
 (2007) (stating the interpretation of a statute is a question of law, which the
 appellate court is free to decide with no particular deference to the trial
 court).

LAW/ANALYSIS
I.  Rule 43(k), SCRCP
At the time this settlement agreement was signed, Rule
 43(k) provided in relevant part:  "No agreement between counsel affecting
 the proceedings in an action shall be binding unless reduced to the form of a
 consent order or written stipulation signed by counsel and entered in the
 record, or unless made in open court and noted upon the record."  Rule
 43(k), SCRCP (amended effective April 29, 2009).[2]  "To be enforceable, settlement agreements must either be entered into the
 court's record or acknowledged in open court and placed upon the record."  Motley v. Williams, 374 S.C. 107, 110, 647 S.E.2d 244, 246 (Ct. App.
 2007).  A party can comply with this version of Rule 43(k) in three ways: (1) a
 written stipulation signed and entered into the court record; (2) a consent
 order signed and entered into the court record; or (3) a settlement agreement
 announced in open court and noted upon the record.  Lisa J. Hincher, Court
 Strictly Construes Rule 43(k) to Settlement Agreements, 48 S.C. L. Rev. 15,
 19 (1996).    
The Prices first argue the trial court erred in not
 revoking the agreement under Rule 43(k) because the Prices were not represented
 by counsel at the time of the mediation, and the rule only applies to
 agreements between counsel.  We agree.  
In Ashfort Corp. v. Palmetto Construction Group,
 Inc., 318 S.C. 492, 493, 458 S.E.2d 533, 534 (1995), the parties advised
 the circuit court the case had been settled.  The court dismissed the case.  Id. 
 A dispute arose regarding the terms of the settlement, and the circuit court
 reinstated the case, denying a motion to compel settlement.  Id.  On
 appeal to the supreme court, the court, sua sponte, "raised the Rule 43(k)
 issue."  Hincher, supra, at 16.  The supreme court affirmed, finding
 Rule 43(k) applied even though the settlement agreement was between respondent
 and appellants' insurer, and was merely confirmed by the parties' counsel.  Ashfort
 Corp., 318 S.C. at 495, 458 S.E.2d at 535.  The court opined:  

 To take such a narrow reading
 of Rule 43(k) would defeat its purpose of preventing disputes such as this
 one.  The intent of Rule 43(k) is to require all agreements regarding pending
 litigation to either be announced in open court or to be reduced to a consent
 order or written stipulation and entered.  

Id.  
Several years later, in Buckley v. Shealy, 370
 S.C. 317, 322, 635 S.E.2d 76, 78 (2006), the supreme court applied the rule to
 bar the enforcement of a settlement agreement that was signed by the parties. 
 In Buckley, Husband and Wife engaged in mediation and signed an
 agreement.  Id. at 320, 635 S.E.2d at 77.  The supreme court concluded:
 "[b]ecause the purported agreement the parties reached following mediation
 was neither entered into the court's record nor acknowledged in open court and
 placed upon the record, Rule 43(k), SCRCP, plainly provides that the agreement
 is unenforceable."  Id. at 322, 635 S.E.2d at 78.  Although not
 explicitly discussing the application of Rule 43(k) to agreements signed by the
 parties rather than their attorneys, Buckley indicates that where the
 parties signed the agreement, Rule 43(k) applies.  Relying on Ashfort and Buckley, we find Rule 43(k) applies to the settlement agreement
 entered into by the Prices and Investors' counsel.
The Prices next argue the trial court erred in finding
 the settlement agreement was "a binding agreement between the parties that
 cannot be revoked or voided by a party . . . ."  We agree.
In Farnsworth v. Davis Heating & Air
 Conditioning, Inc., 367 S.C. 634, 636-38, 627 S.E.2d 724, 725-26 (2006),
 the supreme court addressed Rule 43(k) in an action in which one of the parties
 rescinded her agreement prior to the agreement meeting the requirements of Rule
 43(k).  Farnsworth, through a letter by her attorney, offered to release Davis
 from all liability in a breach of contract and negligence cause of action.  Id. at 636, 627 S.E.2d at 725.  Davis' attorney accepted the offer by signing the
 letter.  Id.  Soon thereafter, Farnsworth rescinded the agreement.  Id.  Davis moved to compel Farnsworth to comply with the agreement.  Id.  In
 reversing the trial court's order granting the motion, the supreme court
 stated:  "Rule 43(k) provides that '[n]o agreement . . . shall be binding
 unless' one of the three conditions listed [in the Rule] is met.  In other
 words, an agreement is non-binding until a condition is satisfied.  Until a
 party is bound, she is entitled to withdraw her assent."  Id. at
 637, 627 S.E.2d at 725 (quoting Rule 43(k), SCRCP).
In this case, the parties signed the settlement
 agreement on November 20, 2008.  The Prices revoked their agreement on November
 26, 2008.  Investors filed its motion to compel settlement on December 5,
 2008.  Under Farnsworth, we find the settlement agreement was revoked. 
 Thus, the trial court erred in granting Investors' motion for specific
 performance of the settlement agreement.  
II.  Enforceability of the
 Agreement  Meeting of the Minds
The Prices argue the trial court erred in finding the
 parties had an enforceable agreement when there was evidence the parties never
 had a "meeting of the minds" as to the essential terms of the
 agreement.  We decline to address this issue.  See Bailey v. S.C.
 Dep't of Health & Envtl. Control, 388 S.C. 1, 8, 693 S.E.2d 426, 430
 (Ct. App. 2010) (stating that an appellate court need not address remaining
 issues when a decision on a prior issue is dispositive).  

CONCLUSION
For the foregoing reasons, the order granting
 Investors' motion to compel settlement is reversed, and this case is remanded
 for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HUFF, SHORT and PIEPER, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.  
[2] The rule was amended effective April 29, 2009, adding
 at the end of the sentence quoted: "or reduced to writing and signed by
 the parties and their counsel."  Rule 43(k), SCRCP.  This settlement
 agreement was signed November 20, 2008.  Thus, the former version of Rule 43(k)
 applies.  See Hercules Inc. v. S.C. Tax Comm'n, 274 S.C. 137,
 143, 262 S.E.2d 45, 48 (1980) (stating the general rule is that statutes are to
 be construed prospectively rather than retroactively, absent an express
 provision or a clear legislative intent to the contrary); Graham v.
 Dorchester Cnty. Sch. Dist., 339 S.C. 121, 124, 528 S.E.2d 80, 81-82 (Ct.
 App. 2000) (applying the general rule of prospective and retroactive
 application of statutory law changes by analogy to amendments of rules of civil
 procedure).