**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Marcus V. Saylor, Appellant,

v.

Renee G. Brown, Respondent.

Appellate Case No. 2013-000234

Appeal From Beaufort County
Gerald C. Smoak, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-059
Submitted December 1, 2013 – Filed February 12, 2014

**AFFIRMED**

Marion Clyde Fairey, Jr., of The Fairey Law Firm, LLC, of Hampton, for Appellant.

Rhett Daniel Klok, of Klok Law Firm, LLC, of Mt. Pleasant, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Burch v. Burch*, 395 S.C. 318, 331, 717 S.E.2d 757, 764 (2011) ("In considering whether the family court erred, it is settled law in South Carolina that '[c]ourts have the inherent power to do all things reasonably necessary to insure

that just results are reached to the fullest extent possible.'" (alteration by court) (quoting *Buckley v. Shealy*, 370 S.C. 317, 323-24, 635 S.E.2d 76, 79 (2006))); *Buckley*, 370 S.C. at 323, 635 S.E.2d at 79 ("[T]he family court exercised its power in equity to ensure a just result."); *id.* at 324, 635 S.E.2d at 79 (stating the family court may "in equity and fairness . . . carry the first court's order into effect" if its "subsequent order does not alter or substantially affect the ruling of the previous order" (citing *Dinkins v. Robbins*, 203 S.C. 199, 202, 26 S.E.2d 689, 690 (1943))); *Watson v. Poole*, 329 S.C. 232, 240, 495 S.E.2d 236, 240 (Ct. App. 1997) ("The family court is given wide latitude to take whatever actions it deems necessary in the best interest of the child."); *Harris v. Harris*, 307 S.C. 351, 353, 415 S.E.2d 391, 393 (1992) (stating the "[f]amily [c]ourt is vested with the exclusive jurisdiction to ensure that, in all matters concerning a child, the best interest of the child is the paramount consideration"); *Hollar v. Hollar*, 342 S.C. 463, 474, 536 S.E.2d 883, 889 (Ct. App. 2000) ("We entreat the parents to strive for greater cooperation and congeniality in dealing with visitation issues and exchanges.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.