**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Edward D. and Tammy D., Appellants,

v.

Baby Girl B., a minor under the age of 14 years; South Carolina Department of Social Services; and Andrew J.M., Respondents.

And,

South Carolina Department of Social Services, Respondent,

v.

Erica S. and Andrew J.M., Respondents,

In the Interests of: Baby Girl B., a minor under the age of 14 years,

Intervenors: Eric P. and Sherry P., Respondents.

Appellate Case No. 2014-002188

————

Appeal from York County
Michelle M. Hurley, Family Court Judge

————

Memorandum Opinion No. 2015-MO-022
Heard April 21, 2015 – Filed April 23, 2015

----

## VACATED AND REMANDED

----

Larry Dale Dove, of Dove & Barton, LLC, of Rock Hill,
and James Fletcher Thompson, of James Fletcher
Thompson, LLC, of Spartanburg, for Appellants.

David Simpson, of Rock Hill, Carl L. Solomon, of
Columbia, Melinda Inman Butler, of Butler Law Firm
LLC, of Union, Erick M. Barbare, of The Barbare Law
Firm, of Greenville, L. Michelle Dhunjishah and Lindsey
A. McCallister, both of Columbia, all for Respondents.

Krystal L. Orr, of Rock Hill, for Guardian *ad Litem.*

----

**PER CURIAM:**  This is an appeal from an order of the family court issued on May 30, 2014, and filed on June 11, 2014.  Rather than issue an order based on current circumstances, the family court reviewed and reversed a prior order of another family court judge.  It is settled that one judge cannot overrule another judge of the same court; therefore, the above-referenced order of the family court is vacated pursuant to Rule 220(b)(1), SCACR, and the following authority: *Charleston Cnty. Dep't of Soc. Servs. v. Father, Stepmother, & Mother*, 317 S.C. 283, 288, 454 S.E.2d 307, 310 (1995) ("There is a long-standing rule in this State that one judge of the same court cannot overrule another." (citing *Tisdale v. Am. Life Ins. Co.*, 216 S.C. 10, 56 S.E.2d 580 (1950); *Dinkins v. Robbins*, 203 S.C. 199, 26 S.E.2d 689 (1943))).[1]

----

[1] This opinion in no manner restricts the ability of the family court judge on remand to issue appropriate orders based on then-current circumstances, including modifying prior family court orders if changed circumstances so warrant.

**VACATED AND REMANDED.**


**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**