**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Vince Coates, Respondent,

v.

Dorothy Renee Simchon, Appellant.

AND

Bay Island Sportswear, Inc., Sam Simchon, Individually, Appellants,

v.

Vince Coates, Individually, Xcentric Ventures, LLC, Edward Magedson and John or Jane Doe 1-7 and XYZ Company X-Z, Defendants,

Of whom Vince Coates, Individually is the Respondent.

Appellate Case No. 2014-002729

Appeal From Abbeville and Greenwood Counties
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-038
Submitted November 9, 2016 – Filed January 11, 2017

---

**AFFIRMED**

---

J. Walker Coleman, IV, and Julius H. Hines, both of
K&L Gates LLP, of Charleston; Edward S. McCallum,
III, of Greenwood, for Appellants.

C. Rauch Wise, of Greenwood, for Respondent.

---

**PER CURIAM:**  In this civil matter, Dorothy Renee Simchon, Sam Simchon, and Bay Island Sportswear, Inc. (Bay Island) (collectively "Appellants") appeal the circuit court's order enforcing a settlement agreement (Agreement) with Vince Coates.  Appellants argue the court erred in (1) failing to require Coates to comply with the spirit of the Agreement, or alternatively, enforcing the Agreement because the record lacked its material terms; (2) ordering the dismissal of the underlying cases with prejudice; and (3) declining to provide alternative or supplemental relief.  We affirm.

1.  First, we find the circuit court did not err in failing to require Coates to comply with the "spirit" of the Agreement, or alternatively, enforcing the Agreement under Rule 43(k), SCRCP.  Rule 43(k) provides, in pertinent part, the following regarding the enforceability of settlement agreements:

> No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, *or unless made in open court and noted upon the record*, or reduced to writing and signed by the parties and their counsel.

(emphasis added).

Our supreme court has instructed that "the purpose of rules such as Rule 43(k) is: '[t]o prevent fraudulent claims or oral stipulations, and to prevent disputes as to the existence and terms of agreements and to relieve the court of the necessity of determining such disputes.'"  *Ashfort Corp. v. Palmetto Constr. Grp., Inc.*, 318 S.C.

492, 495, 458 S.E.2d 533, 535 (1995) (quoting 83 C.J.S. *Stipulations* § 4 (1953)). The supreme court further cautioned that "[t]he time of the court should not be taken up in controversial matters of this character." *Id.* (quoting 83 C.J.S. *Stipulations* § 4 (1953)).

During the colloquy with the court, Appellants' counsel only stated Coates was to request the search engines remove the content—a far cry from admitting tortious behavior. Upon our review of the record, we cannot locate any evidence—besides the allegation of Appellants—that Coates ever agreed to signing a consent order that included a finding of defamation against Sam and Bay Island. Therefore, we concur with the circuit court's decision declining to direct Coates perform an action not contemplated in the record.

Alternatively, Appellants contend the circuit court erred in enforcing the Agreement under Rule 43(k) because there was no meeting of the minds between the parties on an ambiguous material term, namely, the exact content of the consent order requesting search engine carriers to remove the subject comments. We find, however, that all of the material terms of the settlement are present, they are unambiguous, and the Agreement is enforceable. *See, e.g.*, *Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 603–04, 567 S.E.2d 514, 517–18 (Ct. App. 2002) (holding a settlement agreement read in open court was enforceable under Rule 43(k) after finding all the material terms were present). In reviewing the record, we do not know if Appellants learned before or after the announcement of the Agreement that various search engines required a finding of defamation prior to blocking objectionable content. We find it was Appellants' duty to make the court aware of these companies' policies, or if they were unsure, either refrain from placing the settlement upon the record or state Coates was to do whatever was necessary to remove the comments from the search engines. *See Truck South, Inc. v. Patel*, 339 S.C. 40, 49, 528 S.E.2d 424, 429 (2000) ("Unilateral mistake is not by itself grounds for rescinding the contract unless the mistake has been induced by fraud, deceit, misrepresentation, concealment, or imposition of the party opposed to rescission, *without negligence on the part of the party claiming rescission . . . .*" (emphasis added)).

In our view, allowing a party to unilaterally rescind a settlement agreement it published in open court by simply stating the other party agreed to something relating to a term not in the transcript would run counter to the purposes of Rule 43(k). *See Ashfort*, 318 S.C. at 495, 458 S.E.2d at 535 (stating Rule 43(k) seeks to prevent disputes as to the terms of settlement agreements and relieve the court of

the duty of determining such disputes).  While it may be unfortunate that Appellants decided to publish the settlement in open court when they wished the terms to be confidential, we find they are bound by the enforceable settlement agreement they placed upon the record under Rule 43(k).  Therefore, we affirm the circuit court's decision on this issue.

2.  Next, we find the circuit court properly dismissed the Abbeville and Greenwood County cases with prejudice.  A *release* is "the act of giving up a right or claim to the person against whom it could have been enforced." *Release*, BLACK'S LAW DICTIONARY (10th ed. 2014).  At the motions hearing, the circuit court specifically asked the parties' counsel, "So there [are] *mutual releases* of each of [the cases] provided that these terms are met?"  (emphasis added).  Counsel for Coates and Appellants both answered in the affirmative.  Therefore, we find the court correctly found it was the intent of the parties that the cases be dismissed with prejudice.

3.  Finally, we affirm the circuit court's refusal to provide supplemental or alternative relief if its order directed towards internet service entities was later held to be invalid.  Specifically, we reject Appellants' claim as speculative and find it is not ripe for judicial review.  *See Colleton Cty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cty.*, 371 S.C. 224, 242, 638 S.E.2d 685, 694 (2006) ("[A]n issue that is contingent, hypothetical, or abstract is not ripe for judicial review.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.