**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bayview Acres Civic Club, Respondent,

v.

Gerald E. Moore, Jr. a/k/a Gerald Moore and Margaret Bates Moore, Appellants.

Appellate Case No. 2015-000920

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2017-UP-310
Submitted June 1, 2017 – Filed July 26, 2017

**AFFIRMED**

Gerald E. Moore and Margaret Bates Moore, of Mount Pleasant, pro se.

Benjamin Alexander Crute Traywick, of Ben Traywick Law Firm, of Charleston, for Respondent.

**PER CURIAM:** Gerald E. Moore and Margaret Bates Moore (collectively, the Moores) appeal the Master-in-Equity's March 24, 2015 rule to show cause order in which the master held the Moores in contempt for frequently impeding and

interfering with a fifty-foot strip of property (the strip) that bordered the Moores' property but belonged to Bayview Acres Civic Club (Bayview). The master ordered the Moores to pay Bayview $2,000 and found the Moores' actions triggered a provision in the initial 1984 order that allowed for modification. The Moores contend the master erred in modifying the 1984 order because Bayview did not present any evidence of impediments that frequently interfered with Bayview's access to the strip. We affirm.

In 1984, a master found the Moores had erected a carport partially on the strip—a piece of property reserved for the enjoyment of Bayview. The master stated the carport did not need to be removed because Bayview had not taken any action to halt construction of the carport before completion, but the master enjoined the Moores from erecting any other structures or "any indirect impediments" that interfered with Bayview's free access to the strip. The order provided that if any impediments occurred with "any degree of frequency, this [c]ourt shall forthwith issue such an order as may then be appropriate." In 2013, Bayview alleged the Moores were in violation of the 1984 order. Subsequently, a master approved an agreement between the parties that provided for the removal of various impediments to Bayview's enjoyment of the strip. In 2014, Bayview filed a rule to show cause and the master found the Moores in contempt of its 2013 order. The master ordered the Moores to pay $1,000 to Bayview within thirty days and ordered Bayview was entitled to build a fence from the rear of the Moores' carport to the marsh. The master noted that a further violation of the 1984 order would result in an extension of the fence. In 2015, Bayview filed the rule to show cause that precipitated the March 24, 2015 order on appeal in which the master held the Moores in contempt, ordered the Moores to pay Bayview another $1,000 within thirty days, terminated the Moores' "rights or other authorizations to utilize [Bayview's] property," and ordered Bayview was entitled to extend the length of the fence "from Bayview Drive back to the marsh" because the Moores had "impeded and interfered with [Bayview's] use and enjoyment of the property regularly and frequently." The master explained

> this ongoing interference with [Bayview]'s rights has triggered the portion of the 1984 [o]rder which asserts that this [c]ourt 'shall forthwith issue such an order as may be appropriate,' . . . and that this triggering—along with the repeated violations of my orders—justifies a modification of rights allocated under prior orders on this matter.

First, to the extent the Moores are appealing the length of the fence starting at the rear of the carport to the marsh, we find that issue was decided in the 2014 order, which was never appealed. Accordingly, it became the law of the case. *See Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) (holding the appellant could not seek relief from the prior unappealed order of the circuit court because the order became the law of the case). Regarding the portion of fence extending from Bayview Drive to the rear of the carport, we find the master did not err in modifying the 1984 order because the 1984 order specifically allowed a succeeding master to issue an order as may be necessary to stop the Moores' frequent impediments on the strip that interfere with Bayview's access. *See Dinkins v. Robbins*, 203 S.C. 199, 202, 26 S.E.2d 689, 690 (1943) ("The rule is well settled that the prior order of one [master] may not be modified by the subsequent order of another [master], except in cases when the right to do so has been reserved to the succeeding [master], when it is allowed by rule of court or statute, or when the subsequent order does not alter or substantially affect the ruling or decision represented by the previous order."). Here, substantial evidence showed the Moores violated the terms of the prior orders in this case by utilizing the strip for storage of their personal belongings and parking of their vehicles; particularly, they kept more than a single vehicle in the eastern bay of the carport. Thus, the master did not err in modifying the 1984 order.

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.