**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jimmy Boykin, Sammy Boykin a/k/a Sandy H. Boykin, Sr., and Kenny Boykin, Plaintiffs,

v.

Zady R. Burton, individually and as Personal Representative of the Estate of Helen L. Burton, and Sandy Boykin a/k/a Sandy H. Boykin, Jr., Defendants,

Of Whom Zady R. Burton, individually and as Personal Representative of the Estate of Helen L. Burton is the Appellant and Jimmy Boykin is the Respondent.

Appellate Case No. 2015-001556

————————

Appeal From Kershaw County
Alison Renee Lee, Circuit Court Judge

————————

Unpublished Opinion No. 2017-UP-340
Heard May 2, 2017 – Filed August 9, 2017

————————

**AFFIRMED**

————————

Roger B. Jellenik, of Roger B. Jellenik Attorney at Law, of Camden, for Appellant.

Moultrie B. Burns, Jr., of Savage Royall & Sheheen, of Camden, for Respondent.

_____

**PER CURIAM:** In this action seeking to enforce the terms of a mediation, Zady Burton asserts the circuit court erred in enforcing a settlement that does not comply with Rule 43(k), SCRCP, and requiring him to convey property to Jimmy Boykin because the transaction was not included within the mediation agreement. Finally, Burton asserts the circuit court should have granted his motion to compel discovery. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.	With regard to Burton's first argument: Rule 43(k), SCRCP (explaining our courts will not enforce a settlement "unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel"); *Motley v. Williams*, 374 S.C. 107, 111, 647 S.E.2d 244, 246 (Ct. App. 2007) ("Rule 43(k) is intended to prevent disputes as to the existence and terms of agreements regarding pending litigation." (quoting *Ashfort Corp. v. Palmetto Constr. Grp.*, 318 S.C. 492, 493-94, 458 S.E.2d 533, 534 (1995))); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide us with a platform for meaningful appellate review." (quoting *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 373, 628 S.E.2d 902, 919 (Ct. App. 2006))); *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.").

2.	With regard to Burton's second argument: *Patricia Grand Hotel, LLC v. MacGuire Enters.*, 372 S.C. 634, 638, 643 S.E.2d 692, 695 (Ct. App. 2007) ("In an action at law, tried without a jury, this court is limited merely to the correction of errors of law and the circuit court's factual findings will not be disturbed unless wholly unsupported by the evidence or controlled by an error of law."); *id.* at 640, 643 S.E.2d at 695 ("The circuit court's role in determining the actual terms of [a] settlement agreement between the parties is similar to the court's role in interpreting the terms of a contract."); *id.* ("Where the language of a settlement agreement is susceptible of more than one interpretation, it is the duty of the court to ascertain the intentions of the parties." (quoting *Mattox v. Cassady*, 289 S.C. 57, 60, 344 S.E.2d 620, 622 (Ct. App. 1986))).

3.     With regard to Burton's third argument: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**