1847

ROCK SMITH CHEVROLET, INC., Appellant v. Bryant W. "Tex" SMITH, Respondent. And Bryant W. "Tex" SMITH, Respondent v. Hubert N. "Rock" SMITH, Appellant.

(419 S.E. (2d) 841)

Court of Appeals

*J. Calhoun Pruitt, Jr.,* of *Pruitt & Pruitt,* Anderson, *for appellant.*

*Bryant W. "Tex" Smith, pro se.*

Heard June 10, 1992.

Decided July 13, 1992.

*Per Curiam:*

These two cases involving the same or kindred issues between the parties were consolidated for trial.

As trial approached at the Abbeville Courthouse, the parties, represented by counsel, announced that a settlement had been reached. Unfortunately, no record relative to the settlement was made. The change of considerations was to take place the following day, but because of a misunderstanding of the time for the exchange, the settlement was not consummated. Thereafter, Respondent Bryant W. "Tex" Smith petitioned the court to vacate the settlement and allow the cases to proceed in litigation in the usual fashion. The issue came to be heard before Judge Edward B. Cottingham who was the presiding judge at the time of the settlement in Abbeville. The judge vacated the agreement and ordered the cases restored to the trial docket. Rock Smith Chevrolet, Inc. and/or Hubert N. "Rock" Smith (for our purposes the same entity) appealed the judge's order. We affirm.

At the motion-to-vacate hearing, testimony of the parties and of Petitioner's attorney was taken. After the hearing, the judge issued his order which read in part as follows:

Based upon the foregoing, I conclude as follows:

1. That a settlement was entered into by and between the parties, and the terms thereof are not in dispute;
2. That the Defendant/Plaintiff Bryant W. "Tex" Smith would not have entered into this settlement except for his misconstruction of his attorney's advise;
3. That no prejudice is shown by the Defendant Hubert N. "Rock" Smith or Plaintiff Rock Smith Chevrolet, Inc. in the event the proposed settlement is set aside and a trial ordered upon the merits; and
4. That given all the facts and circumstances surrounding the matter it would appear to me to be just and equitable if the settlement is set aside and the cases proceed to trial on the merits.

The judge's thinking is further shown by a statement he made at the hearing:

. . . The only question I have, and it gives me some concern, is that they entered into the settlement based on a preconceived, erroneous notion of their own making as to what their lawyer told them the trial judge might do. He

says he didn't say it, and I don't think he did say it, but based on the conversations I can understand how Mr. Tex Smith might have misconstrued it and that concerns me somewhat.

It has long been the policy of the court to encourage settlement in lieu of litigation, and courts have usually enforced settlement agreements. There can be no doubt but that the trial court retains inherent jurisdiction and power to enforce agreements entered into in settlement of litigation before that court. *Ozyagcilar v. Davis*, 701 F. (2d) 306 (1983). But even as the court may enforce settlement, it has the inherent power to refuse to enforce settlements.

In South Carolina the trial judge has, by reason of the common law, thirteenth-juror authority to see that justice is done in every case. For example: the court may order a new trial if the judge is not satisfied with the justice even after a jury verdict. It is an authority well recognized but seldom used in South Carolina courts.

Here we are asked to reverse an order of a circuit judge who heard the testimony and observed the witnesses and passed on their credibility. The Petitioner had only a sixth grade education, and we think the judge's ruling was largely because of Petitioner's inability to understand. The judge did not rule upon the fairness of the settlement; this was not his province since the agreement was between adults represented by counsel.

Had he enforced the settlement, we would affirm. He vacated the settlement; we likewise affirm. It may not be said that his ruling involved an abuse of discretion, nor can we say there is no basis in the record for his ruling.

Affirmed.

GOOLSBY and LITTLEJOHN, Acting Judge, concur.

CURETON, J., concurs in result only.