THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James F. Pearman, III & Lauri C.
Pearman,        Respondents,
 
 
 

v.

 
 
 
Sutton Builders, Inc. & John R. Sutton,       
Appellants.
 
 
 

Appeal From Anderson County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-228
Submitted March 10, 2003 - Filed March 
 26, 2003

AFFIRMED

 
 
 
 Thomas H. Coker, Jr., of Greenville, for respondents.
Randall Scott Hiller, of Greenville, for
appellants.
 
 
 

 PER CURIAM:   This is 
 a breach of contract action arising from a Settlement Agreement between the 
 buyers of a home, James and Lauri Pearman (the Pearmans), and the builder, 
 John Sutton.  The Pearmans and Sutton each filed Motions to Compel Settlement.  
 The circuit court granted the Pearmans motion and awarded liquidated damages 
 of $75,000.  Sutton appeals.  We affirm.
FACTS/PROCEDURAL HISTORY
The Pearmans executed a contract with Sutton for 
 the construction of a home.  Unhappy with the construction, the Pearmans brought 
 suit alleging various causes of action.  The parties settled the controversy 
 in an agreement entered by the circuit court, requiring Sutton to correct defects 
 and complete the remaining work as outlined in the agreement.  The balance of 
 money due Sutton under the contract was placed in escrow.
The agreement provided for: 1) a subsequent inspection 
 to determine compliance with the agreement; and 2) the payment of the escrowed 
 funds to Sutton once inspection certified the defects were corrected and the 
 home was substantially completed.  If the inspection revealed the defects were 
 not corrected or the home not completed, the agreement provided for liquidated 
 damages payable to the Pearmans.  Based on this agreement, the circuit court 
 dismissed the action.
Several months later, the designated independent 
 inspector examined the Pearmans home and issued a one-sentence statement that 
 the work specified in the agreement had been completed.  The Pearmans did not 
 believe this was accurate and they notified Sutton of their intention to depose 
 the inspector.  Suttons attorney disagreed that the Pearmans had the authority 
 to question the inspectors report or to depose him, and refused to attend.  
 Sutton did not file for a protective order from the circuit court, attempting 
 to prohibit the Pearmans from deposing the inspector.
The Pearmans took the deposition.  In his deposition, 
 the inspector admitted he had not inspected the home thoroughly, had not performed 
 any testing, and had taken Suttons word that he would finish the items which 
 were not actually finished at the time of the inspection.
Subsequently, both the Pearmans and Sutton filed 
 Motions to Compel Settlement, the Pearmans seeking liquidated damages based 
 on the inspectors deposition testimony and Sutton seeking the funds held in 
 escrow based on the inspectors one-sentence report.  After reviewing the affidavits 
 supplied by the Pearmans and excerpts from the inspectors deposition, the circuit 
 court ordered the inspector to re-inspect the home and file a detailed report.  
 The inspector subsequently did so, concluding the majority of the repairs were 
 not yet completed.  The Pearmans filed another Motion to Compel Settlement.  
 The circuit court granted their motion and awarded $75,000 in liquated damages.  
 Sutton appeals.
LAW/ANALYSIS
Sutton argues the Pearmans had no authority to 
 depose the inspector because the case had been dismissed, and thus, the circuit 
 court erred by considering the deposition excerpts in the Pearmans Motion to 
 Compel Settlement.  We find Suttons argument to be without merit.
Initially we note, [a] trial court retains the 
 inherent jurisdiction and power to enforce agreements entered into in settlement 
 of litigation before that court.  Rock Smith Chevrolet, Inc. v. Smith, 
 309 S.C. 91, 93, 419 S.E.2d 841, 842 (Ct. App. 1992).  Sutton concedes this 
 in his argument, noting the circuit court retained inherent jurisdiction to 
 enforce or set aside the settlement.
The South Carolina Rules of Civil Procedure govern 
 the procedure in all South Carolina courts in all suits of a civil nature whether 
 cognizable as cases at law or in equity . . . [and] shall be construed to secure 
 the just, speedy, and inexpensive determination of every action.  Rule 1, SCRCP.  
 In addition, the Rules specifically provide a procedure for taking a deposition.

After commencement of an action any party may take the testimony 
 of any person, including a party, by deposition upon oral examination.  Leave 
 of court . . . must be obtained only if the plaintiff seeks to take a 
 deposition prior to the expiration of 30 days after service of summons and complaint 
 . . . .

Rule 30(a)(1), SCRCP (emphasis added).
When the circuit court dismissed this suit, it 
 did so pursuant to a settlement agreement between the parties.  The parties 
 agreed to a list of forty-six items to be completed.  After approximately five 
 months, the Pearmans suspected this work had not been done.  Therefore, pursuant 
 to the settlement agreement and their rights under the South Carolina Rules 
 of Civil Procedure, the Pearmans obtained deposition testimony from the inspector 
 to confirm their suspicion.
The inspectors deposition was taken long after 
 the expiration of thirty days from the service of the summons and complaint.  
 In addition, Sutton made no attempt to prohibit the Pearmans from taking the 
 deposition. [1]   Furthermore, 
 we see no difference between gathering a sworn statement by deposition or by 
 affidavit, other than the courtesy it extends to opposing counsel to participate.  
 Sutton does not appeal the circuit court considering affidavits when ruling 
 on the Pearmans Motion to Compel Settlement.  In fact, Sutton himself submitted 
 sworn testimony in support of his own Motion to Compel.  Finally, Sutton provides 
 this Court with no authority stating the Pearmans were not permitted to collect 
 evidence and sworn testimony prior to filing their Motion to Compel Settlement.
Because the trial court retains the inherent jurisdiction 
 to enforce settlement agreements, the South Carolina Rules of Civil Procedure 
 did not require the Pearmans to seek permission from the trial court before 
 taking the inspectors deposition, and Sutton did not seek a protective order 
 prohibiting the Pearmans from taking the inspectors deposition, nothing barred 
 the circuit court from considering the inspectors deposition excerpts in the 
 Pearmans Motion to Compel Settlement.
CONCLUSION [2] 
For the foregoing reasons, the circuit courts 
 order awarding the Pearmans $75,000 in liquidated damages is
AFFIRMED. [3] 
CURETON, STILWELL, and HOWARD, JJ., concur.

 
 
 [1] Sutton could have sought an order from the circuit court protecting 
 him by prohibiting the Pearmans from taking the inspectors deposition.  See 
 Rule 26(c), SCRCP; cf. 23 Am. Jur. 2d Depositions and Discovery 
 § 67 (2002) (stating a federal court may order that disclosures of requested 
 discovery not be had).

 
 
 [2] Sutton raises several other issues on appeal.  However, we deem these 
 issues abandoned because they do not contain supporting authority.  See  
 First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 414 (1994) 
 (holding when a party fails to provide arguments or supporting authority for 
 its assertion, the issue is deemed abandoned on appeal).

 
 [3] 
 Because oral argument would not aid the Court in resolving any issue 
 on appeal, we decide this case without oral argument pursuant to Rule 215, 
 SCACR.