THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In Re: Mortgage
 from Boyd J. Jones to Numax Mortgage Corp., in the amount of 102,125.00,
 dated June 1, 2001, recorded in Book 540, page 2952 in the office of Register
 of Deeds for Richland County, South Carolina, and subsequently assigned to
 DLJ Mortgage Capital, Inc.
DLJ Mortgage
 Capital, Inc., Respondent,
 v.
 Boyd J. Jones, Appellant.
 
 Boyd J. Jones, Cross-Plaintiff,
 v.
 
 
 
 Select
 Portfolio Servicing, Inc. and Credit Suisse First Boston Mortgage Capital,
 LLC, Cross-Defendants. 
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2010-UP-234
 Submitted March 1, 2010  Filed April 8,
2010    

AFFIRMED

 
 
 
 Boyd J. Jones, pro se, of Columbia, for
 Appellant.
 Stephen C. Lenker, Jr., of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Boyd J. Jones appeals the trial court's 2007 order
 enforcing his settlement agreement with DLJ Mortgage Capital, Inc. (DLJ).  Boyd
 argues the 2007 enforcement order was improper because it substantially changed
 a 2005 order enforcing the same settlement agreement.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:  Rule 43(k), SCRCP
 (providing a settlement agreement is binding if made in open court and noted
 upon the record);  Rock Smith Chevrolet, Inc. v. Smith, 309 S.C. 91, 93,
 419 S.E.2d 841, 842 (Ct. App. 1992) (finding the circuit court has the
 inherent authority to enforce or refuse to enforce a settlement agreement
 entered into before it).    
AFFIRMED.
SHORT,
 WILLIAMS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.