LOCKEMY, C.J.:
**121 Edwin Smith, Jr. appeals the trial court's order granting David Fedor's motion for relief from judgment, arguing (1) the trial court erred in refusing to consider the confidential settlement agreement in determining whether Fedor satisfied the confession of judgment, (2) the trial court should have considered the merits of Smith's motion for reconsideration even though it was not provided to the court within ten days of filing, and (3) this court should remand the matter to the trial court for denial of the motion for relief from judgment because the confidential settlement agreement is sufficiently clear, explicit, and unambiguous. We affirm.
FACTS
In 1998, Smith filed a lawsuit against Fedor, which resulted in a "mediated settlement" in 2002. As part of the settlement, Fedor executed a confession of judgment for $350,000 plus post-judgment interest to serve as security against the debt owed to Smith; in return, Smith released all claims and dismissed his lawsuit with prejudice. The confession of judgment provided,
5. The indebtedness owed by [Fedor] to [Smith] arose pursuant to a Confidential Settlement Agreement between [Fedor] and [Smith] dated September 17, 2002, in which the lawsuit ... was settled....
7. [Fedor] hereby authorizes the entry of an Order and judgment against [him,] and in favor of [Smith,] in the principal amount of $350,000, less any payments received by [Smith] from [Fedor] through the date of filing hereof....
**122 The confession of judgment also stated it "may not be filed" until Fedor defaulted on his obligations "as set forth in the Confidential Settlement Agreement."
On February 27, 2013, Smith filed the confession of judgment and a partial satisfaction of judgment with the trial court. The partial satisfaction of judgment claimed Fedor paid $335,000 but still owed $15,000 pursuant to the confession of judgment. Fedor moved for relief from judgment pursuant to Rule 60(b)(5), SCRCP, asserting he had paid Smith more than $350,000, satisfying the debt. Smith filed a response to Fedor's motion for relief, stating the confidential settlement agreement required Fedor to pay a total sum of $400,000-$50,000 up front, followed by annual installment payments of $35,000 secured by the confession of judgment. Smith contended the $50,000 initial payment was not included in the $350,000 debt secured by the confession of judgment, *614 and neither the agreement nor the judgment indicated the initial payment of $50,000 would be credited toward the $350,000.
On August 26, 2013, the trial court held a hearing on Fedor's motion for relief from judgment. At the hearing, both parties agreed Fedor had paid $385,000 to Smith; the dispute concerned whether Fedor owed Smith an additional $15,000. Fedor argued the confession of judgment stated only the amount of $350,000, he had satisfied the judgment, and was not obligated to pay any additional amount. Fedor entered an affidavit into evidence stating he "paid to [Smith] ... the sum of $385,000[,] that sum being in excess of the sum recited in [Fedor]'s Confession of Judgment and that the Confession of Judgment should be deemed satisfied." Fedor asserted the confession of judgment is final and the parties cannot "inquire behind the confession and seek to now reargue the merits." Smith countered that the parties settled for $400,000, as provided for by the confidential agreement, and Fedor still owed $15,000. Smith mentioned an affidavit from James Gilreath that stated the total amount due was $400,000 including $50,000 to be paid prior to the signing of the confession of judgment, but the Gilreath Affidavit was never offered or entered into evidence. Smith conceded Fedor had paid $385,000, but that included the initial $50,000 payment; thus, Smith maintained Fedor had paid only $335,000 of the amount secured by the confession of judgment.
**123 Fedor objected to any introduction or discussion of the confidential settlement agreement, which he said was not in evidence, "full of scratch-overs and strike-throughs," and "not clear upon its face." Fedor contended "the confession of judgment ended the case" and was "clear and concise on its face" that the amount owed was $350,000. Smith countered that "the confession of judgment ... ha[d] to be read in the context of the [four]-page confidential settlement agreement." The trial court requested the parties submit memoranda regarding when a confession of judgment is satisfied and whether the confidential settlement agreement was admissible.
Fedor submitted a memorandum, in which he argued the confession of judgment was satisfied because the parties did not dispute that Fedor had paid over $350,000 and the confession of judgment receives the same finality as an order of judgment. Additionally, Fedor contended the court should not consider the confidential settlement agreement because the confession of judgment contained the "final word/judgment." Smith filed a memorandum, arguing the trial court should admit and consider the confidential settlement agreement because it met the exception to the parol evidence rule stated in Smith v. McClam .[1]
In the order granting Fedor's motion for relief from judgment, the trial court concluded (1) the version of Rule 43(k), SCRCP[2] applicable at the time of the execution of the agreement rendered the confidential settlement agreement not binding on the court, (2) the 2009 amendment to Rule 43(k) was only prospective, and (3) the confession of judgment was **124 satisfied based on the parties' agreement at the hearing that Fedor had paid more than $350,000.
On November 8, 2013, Smith filed a motion for reconsideration, arguing (1) Rule 43(k) is retrospective and the confidential settlement agreement is therefore enforceable, (2) the agreement is admissible pursuant to several exceptions to the parol evidence rule, (3) the agreement lacked any specific provisions requiring confidentiality and Fedor's default on the obligations contained in the agreement *615 rendered any non-disclosure requirement no longer applicable, and (4) the confession of judgment prohibited set-off of payments.
On July 22, 2014, the trial court issued a Form 4 order denying the motion for reconsideration "because the [c]ourt did not receive a copy of the motion within ten days of the motion being filed." Smith filed a subsequent motion for reconsideration, arguing the original motion was timely because it was properly mailed to Fedor and the clerk of court and Fedor suffered no prejudice from the failure to provide the court with the motion within ten days of filing. Smith re-submitted his original motion and requested the trial court consider the merits.[3] The trial court ultimately denied the motion in a Form 4 order on September 5, 2014. This appeal followed.
STANDARD OF REVIEW
"The decision to grant or deny a motion for relief from judgment lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." Stearns Bank Nat'l Ass'n v. Glenwood Falls, LP , 373 S.C. 331, 336, 644 S.E.2d 793, 795 (Ct. App. 2007). "An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support." Id.
LAW/ANALYSIS
I. Confidential Settlement Agreement
In 2002, Rule 43(k), SCRCP, provided, "No agreement between counsel affecting the proceedings in an action **125 shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record." See Reed v. Associated Invs. of Edisto Island, Inc. , 339 S.C. 148, 152, 528 S.E.2d 94, 96 (Ct. App. 2000) (quoting the version of Rule 43(k) that remained in effect in 2002). In 2009, the rule was amended to provide a third method for making such an agreement enforceable-if the agreement is "reduced to writing and signed by the parties and their counsel." Rule 43(k), SCRCP. "In other words, an agreement is non-binding until a condition is satisfied. Until a party is bound, she is entitled to withdraw her assent." Farnsworth v. Davis Heating & Air Conditioning, Inc ., 367 S.C. 634, 637, 627 S.E.2d 724, 725 (2006). " Rule 43(k) applies to settlement agreements." Id . at 637, 627 S.E.2d at 726. The rule "is intended to prevent disputes as to the existence and terms of agreements regarding pending litigation." Ashfort Corp. v. Palmetto Constr. Grp., Inc. , 318 S.C. 492, 493-94, 458 S.E.2d 533, 534 (1995).
In Farnsworth , our supreme court reversed the trial court's granting of the respondent's motion to compel the appellant to comply with a settlement agreement because Rule 43(k) had not been satisfied. 367 S.C. at 636, 627 S.E.2d at 725. The respondent's attorney had signed a letter received from the appellant that offered a settlement, but the parties never entered the written document on the record. Id . The appellant rescinded the agreement and the court concluded, "As soon as [the respondent] received notice of rescission, the letter signed by counsel ceased representing an agreement. The [trial] court, therefore, ordered [the appellant] to comply with an agreement that did not exist." Id . at 637, 627 S.E.2d at 725 ; see also Rule 43(k), SCRCP (stating a written agreement between counsel is not binding unless "signed by counsel and entered in the record").
We find the trial court was correct in deciding the former version of Rule 43(k) applies to the confidential settlement agreement because the settlement agreement was signed in September 2002, before the rule was amended. Because the settlement agreement does not comply with the prior version of Rule 43(k), the agreement is not binding on the court. See **126 Hercules Inc. v. S.C. Tax Comm'n , 274 S.C. 137, 143, 262 S.E.2d 45, 48 (1980) (stating the general rule is that statutes are to be construed prospectively rather *616 than retroactively, absent an express provision or a clear legislative intent to the contrary). Additionally, this matter was not pending when the rule was amended in 2009, and thus, the exception providing for civil procedure rule changes applying to pending matters is inapplicable. See Graham v. Dorchester Cty. Sch. Dist. , 339 S.C. 121, 124, 528 S.E.2d 80, 82 (Ct. App. 2000) (providing new rules of civil procedure apply to proceedings in actions pending at the time the rule is amended). The underlying lawsuit was dismissed with prejudice in 2002, and Smith did not file the confession of judgment until 2013. Therefore the trial court correctly found Rule 43(k) applied only prospectively.
II. Motion to Alter or Amend Judgment
The trial court properly denied Smith's motion for reconsideration because he failed to provide the motion to the trial judge within ten days of filing. Rule 59(g) would lack any purpose if trial courts committed error by denying the motion for failure to comply with the rule. Further, our language in Gallagher v. Evert , 353 S.C. 59, 63-64, 577 S.E.2d 217, 219 (Ct. App. 2002) implies a trial court may deny the motion solely on the basis of the rule. See 353 S.C. at 63, 577 S.E.2d at 219 ("Because the [trial] court found it appropriate to hear the matter, we find no error in the [trial] court's decision to decide the motion despite [the appellant's] failure to comply with Rule 59(g), SCRCP." (emphasis added)). Accordingly, the trial court properly denied Smith's motion for reconsideration because he did not timely provide a copy of the motion to the judge.
Because the trial court did not err in denying Smith's motion for reconsideration, the arguments presented in that motion are unpreserved. The trial court never ruled on Smith's arguments that the agreement was admissible pursuant to exceptions to the parol evidence rule. Moreover, Smith raised several exceptions to the parol evidence rule in his motion for reconsideration that had not been raised before the trial court issued its order. See Hickman v. Hickman , 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) [, SCRCP] to present to the court an issue the **127 party could have raised prior to judgment but did not."). Consequently, none of Smith's arguments concerning exceptions to the parol evidence rule are preserved for review.
III. Confession of Judgment
According to Rule 60(b)(5) of the South Carolina Rules of Civil Procedure, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... [if] the judgment has been satisfied...." In order to correctly find the Confession of Judgment satisfied, the trial court must have found Fedor paid $350,000 to Smith after the execution of the Confession of Judgment. See S.C. Code Ann. § 15-35-360(2) (2005) (providing a judgment by confession "must show that the sum confessed therefor is justly due or to become due"). The evidence before the trial court included the Fedor affidavit, which stated Fedor "has paid to [Smith] ... the sum of $385,000 [,] that sum being in excess of the sum recited in [Fedor]'s Confession of Judgment and that the Confession of Judgment should be deemed satisfied;" the Confidential Settlement Agreement, which was not enforceable; and the affidavit from James Gilreath. While there was competing evidence, we cannot say the trial court abused its discretion in granting Fedor's motion for relief from judgment in this case. Stearns , 373 S.C. at 336, 644 S.E.2d at 795 ("An abuse of discretion arises where the judge issuing the order was controlled by an error of law or where the order is based on factual conclusions that are without evidentiary support."). Accordingly, we affirm the trial court's granting of Fedor's motion to be relieved from judgment.
Conclusion
Based on the foregoing analysis, the circuit court's order is
AFFIRMED
HUFF and THOMAS, JJ., concur.

289 S.C. 452, 457, 346 S.E.2d 720, 724 (1986) (noting "parol evidence may be admitted to show a separate and independent agreement, which is not inconsistent with the terms of a contemporaneous or subsequent written agreement, if it can be inferred that the parties did not intend the written paper to be a complete integration of the agreement").

In 2002, when the agreement was executed, Rule 43(k) provided, "No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record." In 2009, the rule was amended to provide a third method-if the agreement is "reduced to writing and signed by the parties and their counsel." Rule 43(k), SCRCP.

Smith filed and served his notice of appeal on August 21, 2014, before the trial court ruled on his second motion for reconsideration.