**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert Clay Sparrow and Mickey Crowe, Respondents,

v.

Fort Mill Holdings, LLC, and David Baucom, and Maurer Holdings, LLC, Appellants.

Appellate Case No. 2016-001272

―――――――――――

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2018-UP-321
Submitted June 1, 2018 – Filed July 11, 2018

―――――――――――

**AFFIRMED**

―――――――――――

Paul S. Landis, of Fayssoux & Landis Attorneys at Law, P.A., of Greenville, for Appellants.

Margaret Nicole Fox and James Mixon Griffin, both of Griffin - Davis, of Columbia, for Respondents.

―――――――――――

**PER CURIAM:** Fort Mill Holdings, LLC, David Baucom, and Maurer Holdings, LLC, (Appellants) appeal an order of the circuit court granting Robert Clay Sparrow and Mickey Crowe's (Respondents') motion to compel settlement in a

foreclosure case.  On appeal, Appellants argue the circuit court erred because (1) they did not understand the risk of settling, (2) the settlement agreement was substantially unfair and violated substantive law and public policy, and (3) the settlement agreement was not a final, binding settlement.  We affirm.

**STANDARD OF REVIEW**

"In South Carolina jurisprudence, settlement agreements are viewed as contracts." *Pee Dee Stores, Inc. v. Doyle*, 381 S.C. 234, 241, 672 S.E.2d 799, 802 (Ct. App. 2009).  "An action to construe a contract is an action at law." *Byrd v. Livingston*, 398 S.C. 237, 241, 727 S.E.2d 620, 622 (Ct. App. 2012).  "In an action at law, on appeal of a case tried without a jury, the judge's findings will not be disturbed unless they are without evidentiary support." *Id.*  "However, this court is free to decide questions of law with no particular deference to the trial court." *Id.*

**LACK OF KNOWLEDGE**

Appellants argue the circuit court erred in compelling settlement because they did not fully understand the risks and benefits of settling.  Appellants contend they did not know about the North Carolina anti-deficiency statute[1] during the mediation, and they would not have settled the case had they known of it.  Appellants point to the requirement that parties and their counsel must sign the settlement agreement; they argue this requirement is intended to ensure parties understand the risks and benefits of settling cases, so it would be substantially unfair to force them to abide by the terms of the agreement when they were not fully aware of the applicable law.  We disagree.

> No agreement between counsel affecting the proceedings
> in an action shall be binding unless reduced to the form
> of a consent order or written stipulation signed by
> counsel and entered in the record, or unless made in open
> court and noted upon the record, *or reduced to writing*
> *and signed by the parties and their counsel*.

Rule 43(k), SCRCP (emphasis added).[2]  Rule 43(k) applies to settlement

---

[1] The North Carolina anti-deficiency statute abolishes deficiency judgments in foreclosures where the mortgage represents part of the purchase price.  N.C. Gen. Stat. Ann. § 45-21.38 (2015).

[2] Rule 43(k) was amended in 2009 to include the italicized language. *See Smith v. Fedor*, 422 S.C. 118, 124–25, 809 S.E.2d 612, 615 (Ct. App. 2017).

agreements. *Ashfort Corp. v. Palmetto Constr. Grp., Inc.*, 318 S.C. 492, 494, 458 S.E.2d 533, 534 (1995). This rule "is intended to prevent disputes as to the existence and terms of agreements regarding pending litigation" and "to relieve the court of the necessity of determining such disputes." *Id.* at 493–95, 458 S.E.2d at 534–35 (quoting 83 C.J.S. *Stipulations* § 4 (1953)).

We find the circuit court did not err in compelling settlement despite Appellants' assertion they did not fully understand the risks of settling the case. The settlement agreement met the requirements of Rule 43(k) because it was in writing and signed by the parties, their counsel, and the mediator; therefore, it was a valid settlement that could be enforced by the circuit court. Appellants do not dispute they voluntarily signed the agreement. We disagree with Appellants' argument that compelling settlement went against the intention of Rule 43(k). The General Assembly expressly amended Rule 43(k) in 2009 to encompass situations exactly like this one, where Appellants were represented by counsel and knowingly agreed to the settlement. *See Smith*, 422 S.C. at 124–25, 809 S.E.2d at 615 (comparing the previous version of Rule 43(k) to the amended version).

We also disagree with Appellants' argument that this case is factually similar to *Rock Smith Chevrolet, Inc. v. Smith*, where this court affirmed the circuit court's decision vacating a settlement agreement because the respondent misconstrued his attorney's advice and the appellant was not prejudiced. 309 S.C. 91, 92, 419 S.E.2d 841, 841–42 (Ct. App. 1992). In affirming, this court focused on the circuit court's inherent discretion to enforce or refuse to enforce settlement agreements and the circuit court's opportunity to hear and observe the witnesses. *Id.* at 93, 419 S.E.2d at 842. This court noted the appellant "had only a sixth grade education, and . . . the [circuit court's] ruling was [probably] largely because of Petitioner's inability to understand." *See id.* Here, there is no evidence to suggest Appellants were not sophisticated parties and could not understand any advice given by their attorney. Moreover, the settlement was in writing and signed by the parties and their counsel. We also agree with the circuit court's finding that Respondents would suffer prejudice because they paid the outstanding real estate taxes in reliance on the agreement. Thus, we find the circuit court did not err in compelling settlement based on the fact that the agreement complied with Rule 43(k).

## SUBSTANTIVE LAW AND PUBLIC POLICY

Appellants argue the circuit court erred in not considering the North Carolina anti-deficiency statute because the promissory notes indicated they would be governed by North Carolina law. Appellants contend, under North Carolina law, Respondents were limited to retaking possession of the property instead of

foreclosure and a deficiency judgment, and North Carolina law does not allow parties to waive this protection. Appellants assert South Carolina courts will not enforce settlements that violate the law, and the circuit court should have considered whether the settlement violated North Carolina law. We disagree.

"The general rule is that courts will not enforce a contract which is violative of public policy, statutory law, or provisions of the Constitution." *Berkebile v. Outen*, 311 S.C. 50, 53 n.2, 426 S.E.2d 760, 762 n.2 (1993). However, "[i]t has long been the policy of the court[s in South Carolina] to encourage settlement in lieu of litigation, and courts have usually enforced settlement agreements." *Rock Smith*, 309 S.C. at 93, 419 S.E.2d at 842. "Sound public policy generally requires the enforcement of contracts freely entered into by the parties." *Wolf v. Colonial Life & Acc. Ins. Co.*, 309 S.C. 100, 108, 420 S.E.2d 217, 221 (Ct. App. 1992).

We affirm the circuit court's decision to compel settlement because the agreement was governed by South Carolina law and South Carolina public policy requires enforcing the agreement. We agree with the circuit court that the question of whether the North Carolina anti-deficiency statute applies to the case at hand is immaterial and the proper question is whether "a voluntary settlement agreement made in accordance with applicable South Carolina rules and case law" is enforceable. Although the notes contained provisions stating they were to be governed by North Carolina law, the settlement agreement had no choice of law provision. The settlement agreement was entered into in South Carolina, involved land in South Carolina, and was created to settle actions filed in South Carolina courts. Therefore, South Carolina law applies to the settlement agreement. *See Lister v. NationsBank of Delaware, N.A.*, 329 S.C. 133, 144, 494 S.E.2d 449, 455 (Ct. App. 1997) ("[C]ontracts are to be governed as to their nature, validity[,] and interpretation by the law of the place where they are made, unless the contracting parties clearly appear to have had some other place in view." (quoting *Livingston v. Atlantic Coast Line R.R.*, 176 S.C. 385, 391, 180 S.E. 343, 345 (1935))).

South Carolina has a strong public policy of encouraging settlements, and courts will generally uphold contracts that parties entered into freely. *See West v. Gladney*, 341 S.C. 127, 136, 533 S.E.2d 334, 338 (Ct. App. 2000) ("It is not for [the court] to determine whether the parties' agreement was reasonable or wise, or whether they carefully guarded their rights."). The parties negotiated specific terms during the mediation with the help of their counsel and voluntarily came to an agreement. Allowing Appellants to terminate that agreement because they discovered potentially helpful information would be setting a dangerous precedent and go directly against our state's policy of favoring settlement agreements. Appellants have pointed to no South Carolina law making the settlement

agreement illegal, and the settlement agreement complied with the requirements of Rule 43(k). Therefore, we find the circuit court did not err in compelling settlement based on South Carolina public policy, despite the existence of the North Carolina anti-deficiency statute.

**FINALITY OF THE SETTLEMENT**

Appellants assert the circuit court erred in compelling the settlement because it was never consummated. Appellants argue the settlement agreement indicated it would not be final until the parties executed "formal documents." Because no formal settlement documents, a confession of judgment, or a dismissal of the case were executed, Appellants contend the settlement never became binding. We disagree.

We find the circuit court did not err in finding the settlement agreement was a final, binding document because we do not believe the execution of more formal documents was a condition precedent to the agreement becoming final. *See Brewer v. Stokes Kia, Isuzu, Subaru, Inc.*, 364 S.C. 444, 449, 613 S.E.2d 802, 805 (Ct. App. 2005) ("A condition precedent to a contract is 'any fact other than the lapse of time, which, unless excused, must exist or occur before a duty of immediate performance arises.'" (quoting *Worley v. Yarborough Ford, Inc.*, 317 S.C. 206, 210, 452 S.E.2d 622, 624 (Ct. App. 1994))). Although the agreement did indicate the parties' counsel would prepare more formal settlement documents and a contingent confession of judgment, the settlement agreement was not made conditional on the execution of those documents. Instead, the settlement agreement states the lawsuits would be dismissed upon execution of the formal documents. This language merely indicates one of the actions Respondents agreed to undertake in order to settle the case. There is no language in the settlement agreement stating the settlement would not be final until formal documents were signed. We agree with the circuit court's finding that the failure to execute more formal documents was due solely to Appellants' refusal to sign the confession of judgment after Respondents partially performed their obligations under the agreement by paying the outstanding real estate taxes. The intention of the parties was to settle the case according to the unambiguous terms in the agreement, and Appellants cannot now use their refusal to perform as a way to avoid the settlement in hopes of obtaining a more favorable decision. *See Byrd*, 398 S.C. at 244, 727 S.E.2d at 623 ("The question of whether a provision in a contract constitutes a condition precedent is a question of construction dependent on the intent of the parties to be gathered from the language they employ." (quoting *Brewer*, 364 S.C. at 449, 613 S.E.2d at 805)). Therefore, we find the circuit court did not err in compelling settlement based on the agreement being final.

**CONCLUSION**

Accordingly, the order of the circuit court is

**AFFIRMED.**[3]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.