**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Trannis Dawkins, Appellant,

v.

Kanita Wilburn, Respondent

Appellate Case No. 2017-001458

_____

Appeal From Sumter County
Angela R. Taylor, Family Court Judge

_____

Unpublished Opinion No. 2019-UP-269
Submitted June 1, 2019 – Filed July 24, 2019

_____

**AFFIRMED**

_____

Garryl Lynard Deas, of The Deas Law Firm, of Sumter,
for Appellant.

Ryan Alexander McLeod, of McDougall, Self, Currence
& McLeod, LLP, of Sumter, for Respondent.

_____

**PER CURIAM:** Trannis Dawkins appeals the family court's final order awarding Kanita Wilburn child support, among other things, and its subsequent order denying his posttrial motion. On appeal, Dawkins argues (1) the family court's orders violated his due process rights because he did not receive notice of the final hearing, (2) the child support award should be reversed because the family court

erred by imputing an annual income of $150,000 to him, and (3) the family court abused its discretion by denying his posttrial motion on the ground that it was untimely.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issue 1: *Henggeler v. Hanson*, 333 S.C. 598, 601, 510 S.E.2d 722, 724 (Ct. App. 1998) ("On appeal from the family court, this court has jurisdiction to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence."); *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *Holcombe v. Hardee*, 304 S.C. 522, 524, 405 S.E.2d 821, 822 (1991) ("[W]hen an [o]rder is issued in violation of Rule 26(a), [SCRFC,] this [c]ourt may remand the matter to the trial court or, where the record is sufficient, make its own findings of fact in accordance with the preponderance of the evidence.").

2.  As to Issue 2: *Henggeler*, 333 S.C. at 601, 510 S.E.2d at 724 ("On appeal from the family court, this court has jurisdiction to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence."); *Spreeuw v. Barker*, 385 S.C. 45, 67, 682 S.E.2d 843, 854 (Ct. App. 2009) (holding a party's "refusal to provide the family court with a meaningful representation of his current income precludes him from complaining of the family court's ruling on appeal"); S.C. Code Ann. § 63-17-470(A) (2010) ("In any proceeding for the award of child support, there is a rebuttable presumption that the amount of the award which would result from the application of the [child support] guidelines . . . is the correct amount of child support to be awarded.").

3.  As to Issue 3: Rule 59(g), SCRCP ("A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion."); Rule 60(a), SCRCP ("A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion."); *Smith v. Fedor*, 422 S.C. 118, 126, 809 S.E.2d 612, 616 (Ct. App. 2017) ("Rule 59(g) would lack any purpose if trial courts committed error by denying the motion for failure to comply with the rule.").

---

[1] We note Dawkins timely served the notice of appeal on Wilburn.  *See Gallagher v. Evert*, 353 S.C. 59, 63, 577 S.E.2d 217, 219 (Ct. App. 2002) ("There is no indication that the failure to transmit a copy of the motion to the [family] court [judge] affects the tolling provision of Rule 203(b)(1), SCACR.").

**AFFIRMED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.