**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Isaac Smith, Jr., Appellant,

v.

Johnnie Mae Muller Newton, Respondent.

Appellate Case No. 2018-002167

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-216
Submitted May 1, 2021 – Filed June 16, 2021

———————

**AFFIRMED**

———————

Isaac Smith, Jr., of Los Angeles, California, pro se.

Heather M. Cairns, of Cairns Law Firm LLC, and Adam Tremaine Silvernail, of Law Ofc. of Adam T. Silvernail, both of Columbia, for Respondent.

———————

**PER CURIAM:** Isaac Smith, Jr. appeals the circuit court's order dismissing his appeal from the probate court and the circuit court's denial of his motion to reconsider the dismissal. On appeal to this court, Smith argues the circuit court erred in granting the motion to dismiss because he followed the requirements of Rule 203 of the South Carolina Appellate Court Rules and served all parties

pursuant to section 62-1-308(g) of the South Carolina Code (Supp. 2020). We affirm pursuant to Rule 220(b), SCACR.

First, the circuit court properly dismissed Smith's appeal because Smith failed to properly serve his notice of appeal or amended notice of appeal within the ten-day requirement for service under section 62-1-308(a) of the South Carolina Code (Supp. 2020). *See id*. ("A person interested in a final order, sentence, or decree of a probate court may appeal to the circuit court in the same county . . . . The notice of intention to appeal to the circuit court must be filed in the office of the circuit court and in the office of the probate court and a copy served on all parties not in default within ten days after receipt of written notice of the appealed from order, sentence, or decree of the probate court."); *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) (holding service of the notice of appeal is a jurisdictional requirement and appellate courts have no authority to extend the time in which parties must serve the notice of intent to appeal). Here, Smith filed his notice of appeal of the probate court's September 2017 order in the circuit court on January 19, 2018.[1] Smith served the notice of appeal on the Estate through the mail, and the mailing was postmarked on February 2, 2018. Smith failed to present evidence he served the notice on the Estate within ten days of receiving written notice of the September 2017 order pursuant to the ten-day requirement for service under section 62-1-308(a). Additionally, Smith was personally served with the probate court's February 7, 2018 order on February 12, 2018. Smith filed an amended notice of appeal on February 16, 2018, but he did not serve the Estate until February 27, 2018. Smith failed to present evidence he served the amended notice on the Estate on or before Thursday, February 22, 2018, pursuant to the ten-day requirement for service under section 62-1-308(a). Therefore, the circuit court properly dismissed his appeal due to untimely service on the Estate.

Second, the circuit court properly denied Smith's Rule 59(e), SCRCP, motion to reconsider for failure to properly serve the circuit court pursuant to Rule 59(g), SCRCP. *See* Rule 59(g), SCRCP ("A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion."). Smith does not contest he did not timely provide the circuit court with his Rule 59(e) motion to reconsider.

Third, to the extent Smith argues the "Prison Mailbox Rule" applies to this case, this argument is not preserved for appeal because it was not argued by Smith at the

---

[1] The record does not indicate when Smith received written notice of the September 2017 order.

circuit court hearing. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."). Further, even if Smith's Rule 59(e) motion to reconsider could be construed to include his "Prison Mailbox Rule" argument, the argument is not preserved for appellate review because the circuit court properly denied Smith's motion to reconsider pursuant to Rule 59(g). *See Smith v. Fedor*, 422 S.C. 118, 126, 809 S.E.2d 612, 616 (Ct. App. 2017) (holding issues raised in a Rule 59(e) motion to reconsider that are denied for failure to comply with Rule 59(g) are not preserved for appellate review).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.